ALPHONSE KRONBERG *v.* NEW HAMPSHIRE
INSURANCE COMPANY
(AC 20510)

Landau, Dranginis and Hennessy, Js.

Argued November 28, 2001—officially released April 23, 2002

*David T. Grudberg*, with whom, on the brief, was
*Howard A. Jacobs*, for the appellant (plaintiff).

*Carla Ottaviano*, for the appellee (defendant).

LANDAU, J. The sole issue in this uninsured motorist action is whether a claimant can prevail where he believes that he has fulfilled the requirement that he exhaust the liability coverage available in a one vehicle accident even though he did not bring an action or file a claim against the tortfeasor operator or owner because he concluded, on the basis of his interpretation of the subject liability policy, that his claim was precluded. Our statutes and case law are clear. To prevail on a claim for uninsured motorist coverage, a claimant must exhaust the liability coverage of one of the tortfeasors. See General Statutes § 38a-336 (b); *General Accident Ins. Co.* v. *Wheeler*, 221 Conn. 206, 211, 603 A.2d 385 (1992). Whether the tortfeasor's liability coverage has been exhausted cannot be decided by the claimant on the basis of his understanding of the coverage afforded by the policy, where coverage requires a legal determination. See *Doyle* v. *Metropolitan Property & Casualty Ins. Co.*, 252 Conn. 79, 84, 743 A.2d 156 (2000).

The plaintiff, Alphonse Kronberg, appeals from the judgment of the trial court confirming an arbitration award in favor of the defendant, New Hampshire Insurance Company. On appeal, the plaintiff claims that the trial court improperly concluded that the arbitrators properly denied his uninsured motorist claim because he failed to exhaust the liability insurance coverage of the tortfeasor in this one vehicle accident. We affirm the judgment of the trial court.

The parties do not dispute the following facts. On August 13, 1994, the date of the subject motor vehicle accident, the plaintiff was a passenger in a vehicle owned by Carol Galinas and operated by Trini Peacock. Galinas was doing business as EZ Method Driving School, where the plaintiff was employed as an instructor. Peacock, a student operator whom the plaintiff was

teaching, was responsible for the accident. As a result of the injuries that the plaintiff sustained in the accident, he received workers' compensation benefits. The defendant had issued a policy of insurance covering the vehicle in which the plaintiff was injured. The plaintiff did not make a claim for personal injury or liability coverage under the policy. He did not bring an action against either Galinas or Peacock.

On August 7, 1996, the plaintiff commenced an action against the defendant seeking uninsured motorist benefits pursuant to the policy. The action was stayed pending arbitration of the plaintiff's claims, as required by the policy. During the course of the arbitration, the subject policy was entered as an exhibit. The policy defines an insured as "any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or 'suit' is brought."[1] The policy excluded liability coverage of claims for which workers' compensation benefits applied and for bodily injury to employees.[2]

The arbitrators, in a divided opinion, concluded that Peacock was an insured under the liability provisions of the policy because he was a permissive user of the vehicle and that exclusions three and four of the liability provisions of the policy did not apply to him. The arbi-

---

[1] The "Who Is An Insured" provision of the policy provides in part: "The following are 'insureds' . . . b. Anyone else while using with your permission a covered 'auto' you own . . . ."

[2] The policy provides in relevant part: "B. Exclusions. This [liability] insurance does not apply to any of the following . . . 3. Workers Compensation. Any obligation for which the 'insured' or the 'insured's' insurer may be held liable under any workers compensation disability benefits or unemployment compensation law or any similar law. 4. Employee Indemnification and Employer's Liability. 'Bodily Injury' to: a. An employee of the 'insured' arising out of and in the course of employment by the 'insured' . . . ."

trators also concluded that the Connecticut uninsured motorist coverage portion of the policy provided that the defendant "will pay only after all liability bonds or policies have been exhausted by judgments or payments." The arbitrators found that the plaintiff failed to exhaust the liability limits of the tortfeasor and, therefore, issued an award in favor of the defendant.

The plaintiff filed a motion in the trial court seeking to have the arbitration award vacated; the defendant filed a motion seeking to have the award confirmed.[3] The trial court confirmed the award, concluding that although the plaintiff believed that there was no liability coverage available under the policy and that it was therefore unnecessary to bring an action against either Peacock or Galinas, his belief had never been substantiated by a legal determination and was therefore insufficient to prove that he had exhausted the available liability coverage. The plaintiff appealed from the judgment to this court.

We agree with the parties that our standard of review is plenary. *Bodner* v. *United Services Automobile Assn.*, 222 Conn. 480, 486, 610 A.2d 1212 (1992), quoting *American Universal Ins. Co.* v. *DelGreco*, 205 Conn. 178, 191, 530 A.2d 171 (1987).

In his complaint, the plaintiff alleged, among other things, that the subject motor vehicle "was covered with liability insurance written by the defendant . . . ." The defendant admitted the allegation in its answer. "Factual allegations contained in pleadings upon which the case is tried are considered judicial admissions and hence irrefutable as long as they remain in the case. . . . An admission in pleading dispenses with proof, and is equivalent to proof. . . . *Ferreira* v. *Pringle*, 255 Conn. 330, 345, 766 A.2d 400 (2001)." (Internal quotation marks omitted.) *Premier Capital, Inc.* v. *Grossman*, 68

---

[3] See Practice Book § 23-1.

Conn. App. 51, 56, 789 A.2d 565, cert. denied, 260 Conn. 917, 797 A.2d 514 (2002). There is then no question that the vehicle was covered by liability insurance. The parties also do not dispute that Peacock was a permissive user of the vehicle. Pursuant to the "Who Is An Insured" provision of the policy, Peacock therefore was an insured under the policy. Coverage under the policy applies separately to each insured against whom a claim or action is brought.

The language of the uninsured provision of the policy follows the language of the governing statute. "An insurance company shall be obligated to make payment to its insured up to the limits of the policy's uninsured and underinsured motorist coverage *after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements . . . .*" (Emphasis added.) General Statutes § 38a-336 (b). Our case law has made it clear that to prevail on a claim for uninsured motorist coverage, the claimant must exhaust the available liability coverage of one of the tortfeasors. *General Accident Ins. Co.* v. *Wheeler*, supra, 221 Conn. 211. The plaintiff admits that he did not bring an action against Peacock under this policy or any other policy. In fact, the plaintiff did not provide evidence to the arbitrators that Peacock was not afforded liability coverage by any policy of motor vehicle insurance.

The plaintiff argues here, as he did before the arbitrators and the trial court, that the exclusion provisions of the subject policy would have prevented him from recovering under the liability portion of the policy. He claims that bringing an action of that nature would have been a futile act. We disagree.

"Whether the tortfeasor's vehicle is [uninsured][4] in the present case is a matter of statutory interpretation."

---

[4] Our Supreme Court has noted that in certain instances, a discussion of " 'underinsured' motorist coverage encompass[es] uninsured motorist

*Doyle* v. *Metropolitan Property & Casualty Ins. Co.,* supra, 252 Conn. 84. "[B]roadly stated . . . the purpose of [uninsured] motorist coverage is to protect the named insured and other additional insureds from suffering an [uncompensated] injury caused by an accident with an [uninsured] automobile. . . . *Florestal* v. *Governmental Employees Ins. Co.,* 236 Conn. 299, 305, 673 A.2d 474 (1996). Application of § 38a-336 involves two separate inquires. First, it must be determined whether the tortfeasor's vehicle is an [uninsured] vehicle within the meaning of the statute. Second, after this determination is made and [uninsured] motorist coverage is found to be applicable, the finder of fact calculates the amount of the award to be paid the victim. *Covenant Ins. Co.* v. *Coon,* 220 Conn. 30, 33, 594 A.2d 977 (1991)." (Internal quotation marks omitted.) *Doyle* v. *Metropolitan Property & Casualty Ins. Co.,* supra, 84–85. Here, the plaintiff failed to take the first step to secure uninsured motorist coverage.

As the trial court concluded, the plaintiff speculated that the exclusion provisions concerning workers' compensation and employee indemnification precluded him from bringing an action against Peacock. The plaintiff was not entitled to rely on his belief. Whether Peacock was an insured with respect to liability coverage under the policy was an issue that required a legal determination. Because the plaintiff failed to bring an action against Peacock, he has failed to prove that he exhausted the liability insurance of one of the tortfeasors as required by § 38a-336 and our case law.[5]

The judgment is affirmed.

In this opinion the other judges concurred.

---

coverage as well." *Haynes* v. *Yale-New Haven Hospital,* 243 Conn. 17, 21 n.4, 699 A.2d 964 (1997). That observation applies to the facts of this case.

[5] To resolve the plaintiff's claim, we need not determine whether he would have prevailed in an action against Galinas.