DAVID M. SOMERS AND ASSOCIATES, P.C. *v.*
RUTH A. KENDALL

RUTH A. KENDALL *v.* DAVID M. SOMERS
(AC 30530)

Alvord, Flynn and Lavery, Js.

Argued April 15—officially released August 3, 2010

*William F. Gallagher*, for the appellants (plaintiff in the first case, defendant in the second case).

*Campbell D. Barrett*, with whom were *Jonathan P. Budlong* and, on the brief, *C. Michael Budlong* and *Jon T. Kukucka*, for the appellee (defendant in the first case, plaintiff in the second case).

*Opinion*

ALVORD, J. The appellants, David M. Somers & Associates, P.C., and David M. Somers, appeal from the judgments of the trial court rendered in favor of the appellee, Ruth A. Kendall.[1] The appellants claim that the court improperly (1) held Somers in his individual capacity liable for damages and (2) failed to apply the

---

[1] For clarity, we refer to David M. Somers & Associates, P.C., and David M. Somers collectively as the appellants and to Kendall by name.

doctrine of judicial estoppel.[2] We disagree and affirm the judgments of the trial court.

The following facts, found by the court, are relevant. On February 11, 1998, Kendall retained the appellants to represent her in a dissolution of marriage action against Michael Pilkington. Although it was agreed that the marriage had broken down irretrievably, and there were no children issue of the marriage, the terms of the dissolution were heavily contested, and the appellants spent a substantial amount of time and money pursuing funds allegedly held in a foreign trust for Pilkington.[3] With " 'the meter . . . constantly running' " and the time the appellants claimed they spent on the divorce "highly exaggerated," Kendall's available funds to pursue the dissolution were quickly depleted.[4] On March 25, 1999, pursuant to the appellants' request, Kendall reluctantly executed a $425,000 open end mortgage in favor of David M. Somers & Associates, P.C., on her home in Canterbury.[5] On September 15, 1999, within six months of this mortgage transaction and before Kendall's divorce was finalized, Somers was disbarred. See *Statewide Grievance Committee* v. *Somers*, Superior Court, judicial district of Hartford, Docket No. CV-98-0585853-S (September 8, 1999). Kendall was forced to obtain new counsel and to expend additional sums to dissolve her marriage to Pilkington.[6]

---

[2] The appellants abandoned their additional claims of waiver, equitable estoppel and regarding the standard of proof for claims of fraud and duress.

[3] A total of 250 motions were filed in the case, including 108 filed by the appellants, and Somers testified that he performed in excess of 1000 hours of work on the case. Despite the appellants' considerable time billed and expenditures incurred, no funds were ever recovered from the alleged foreign trust.

[4] The court found that "a very large portion of the [appellants'] efforts were to accumulate many hours spent on needless filing of motions to further inflate [the appellants'] fees."

[5] Kendall consulted with independent counsel prior to executing the mortgage.

[6] Kendall's new counsel succeeded in bringing an uncontested resolution to the matter, and the marriage was dissolved by settlement on July 28, 2000.

By a complaint filed November 28, 2000, David M. Somers & Associates, P.C., averred that Kendall had not paid the legal fees, costs and expenses due to it under the parties' retainer agreement, sought to foreclose its interest in Kendall's home and additionally to obtain a deficiency judgment against her. See *David M. Somers & Associates, P.C.* v. *Kendall*, Superior Court, judicial district of Hartford, Docket No. CV-00-0808233-S (August 19, 2008). Kendall filed an answer and counterclaim alleging, inter alia, breach of contract. On April 9, 2001, Kendall commenced a separate action against Somers in his individual capacity that also alleged, inter alia, breach of contract. See *Kendall* v. *Somers*, Superior Court, judicial district of Hartford, Docket No. CV-01-0806814-S (August 19, 2008).[7] In both actions, Kendall argued that (1) the fees requested by the appellants were unreasonable and inaccurate, (2) the terms of the mortgage were unfair and unreasonable, (3) the appellants failed to disclose relevant facts known to them before procuring her agreement to enter into the mortgage and (4) the appellants breached the parties' retainer agreement by terminating their representation of her and surrendering Somers' license to practice law. On July 19, 2004, the cases were consolidated. Following a seven day trial, the court rendered judgment on both docket numbers in favor of Kendall.[8] The court determined, pursuant to *David M. Somers & Associates, P.C.* v. *Busch*, 283 Conn. 396, 927 A.2d 832

[7] Kendall filed a revised complaint on March 10, 2004, in *Kendall* v. *Somers*, supra, Superior Court, Docket No. CV-01-0806814-S.

[8] The court issued its memorandum of decision under the title of *David M. Somers & Associates, P.C.* v. *Kendall*, supra, Superior Court, Docket No. CV-00-0808233-S, and stated: "This case has been consolidated with [*Kendall* v. *Somers*, supra, Superior Court, Docket No. CV-01-0806814-S]. The second file contains the same issues as those issues contained in the pleadings of the titled file. Therefore, this memorandum will deal with the claims of each party as to both files. . . . [T]he pleadings in the titled file fully encompass the claims of both parties. All briefs and arguments were addressed to the titled file but resolve the issues in both files."

(2007),[9] that the appellants had breached the parties' retainer agreement and that Kendall was entitled to damages in the amount of any overpayment. The court found that the legal services provided to Kendall by the appellants were worth $180,000, plus $24,719 in incurred expenses, and that Kendall already had paid the appellants $273,758. Accordingly, the court concluded that Kendall was due $69,039 in damages resulting from her overpayment of legal fees, and it rendered judgment against the appellants on both docket numbers.

I

The appellants do not challenge the amount of the damages or the method used by the court to calculate the damages award. Instead, they claim that the court improperly imposed liability on Somers in his individual capacity. The appellants argue that Somers was not a party to the retainer agreement between David M. Somers & Associates, P.C., and Kendall, that the court did not find that the corporate veil had been pierced and that Kendall did not plead or prove the facts necessary to support such a finding. We disagree. Somers admitted that he was a party to the retainer agreement. Therefore, it was not necessary for Kendall to pierce the corporate veil in order to obtain a judgment against him.

"Factual allegations contained in pleadings upon which the case is tried are considered judicial admissions and hence [are] irrefutable as long as they remain in the case." (Internal quotation marks omitted.) *Kronberg* v. *New Hampshire Ins. Co.*, 69 Conn. App. 330, 333, 794 A.2d 561, cert. denied, 260 Conn. 934, 802 A.2d 88

---

[9] In *David M. Somers & Associates, P.C.* v. *Busch,* supra, 283 Conn. 411, our Supreme Court held that unjust enrichment is the proper measure of damages to apply when a lawyer fails to perform fully services for a client as agreed under a contract because of his own disbarment.

(2002). "A judicial admission dispenses with the production of evidence by the opposing party as to the fact admitted, and is conclusive upon the party making it. . . . It is axiomatic that the parties are bound by their pleadings." (Citations omitted; internal quotation marks omitted.) *Mercer* v. *Cosley*, 110 Conn. App. 283, 301, 955 A.2d 550 (2008).

In his answer to Kendall's revised complaint, Somers admitted that he and Kendall "entered into an attorney client relationship with the signing of a retainer agreement on or about February 11, 1998." He further admitted that he and Kendall "entered into an agreement whereby [he] expressly and/or impliedly agreed to use his best efforts to represent [Kendall] . . . ." Somers did not seek to withdraw or to modify his pleading during trial. See Practice Book § 10-60. Accordingly, he is bound by his admission, and the court's imposition of liability against Somers in his individual capacity is proper.

## II

The appellants next claim that the court improperly failed to conclude that Kendall was judicially estopped from contesting the amount of the mortgage because she submitted a financial affidavit during her divorce case that acknowledged a $250,000 mortgage on her home in Canterbury.[10] The equitable doctrine of judicial estoppel seeks to protect the sanctity of the oath and the integrity of the judicial process by preventing the perpetration of untruths and avoiding the risk of inconsistent results. See *Bates* v. *Long Island Railroad Co.*, 997 F.2d 1028, 1037–38 (2d Cir.), cert. denied, 510 U.S. 992, 114 S. Ct. 550, 126 L. Ed. 2d 452 (1993).[11] It is

[10] Although the financial affidavit does not specify who held the $250,000 mortgage, Kendall testified that it is the same mortgage at issue in the present case.

[11] Judicial estoppel has two elements: "First, the party against whom the estoppel is asserted must have argued an inconsistent position in a prior proceeding; and second, the prior inconsistent position must have been

unclear whether the doctrine of judicial estoppel has officially been adopted in Connecticut. See *SKW Real Estate Ltd. Partnership* v. *Mitsubishi Motor Sales of America, Inc.*, 56 Conn. App. 1, 8, 741 A.2d 4 (1999), cert. denied, 252 Conn. 931, 746 A.2d 793 (2000). However, we need not decide that question today.

Like all equitable remedies, judicial estoppel requires the party invoking the doctrine to do so with clean hands. See, e.g., *Jacobs* v. *Fazzano*, 59 Conn. App. 716, 730, 757 A.2d 1215 (2000) (one of the fundamental principles upon which equity jurisprudence is founded is that he who seeks equity must come to court with clean hands). In this case, the court found that the appellants obtained "Kendall's agreement to sign the mortgage documents through fraud and duress." The court concluded that such conduct barred the appellants from asserting, and the court from considering, the appellants' claims of estoppel, waiver and judicial estoppel. See footnote 2 of this opinion. On appeal, the appellants do not challenge the court's finding that they did not come to court with clean hands. Consequently, it is similarly unnecessary for us to consider the merits of the appellants' claim in equity.[12]

The judgments are affirmed.

In this opinion the other judges concurred.

---

adopted by the court in some manner." (Internal quotation marks omitted.) *Dougan* v. *Dougan*, 114 Conn. App. 379, 390 n.14, 970 A.2d 131, cert. granted on other grounds, 292 Conn. 920, 974 A.2d 721 (2009).

[12] Moreover, we fail to see how judicial estoppel could apply in this situation. Kendall's financial affidavit was submitted during the dissolution matter, which concluded by agreement in July, 2000. The affidavit was one of sixty full exhibits turned over to the court by the appellants over the seven days of this trial. The handful of questions the appellants asked about the affidavit did not elicit any evidence to suggest that the position taken by Kendall in her divorce was in any way inconsistent with her current position.