BHP LAND SERVICES, LLC *v.* JEAN SEYMOUR ET AL.
(AC 33294)

DiPentima, C. J., and Gruendel and Dupont, Js.

Argued April 11—officially released July 31, 2012

*J. Xavier Pryor*, for the appellant (plaintiff).

*James H. Howard*, for the appellees (defendants).

*Opinion*

GRUENDEL, J. The defendant Jean Seymour[1] appeals from the judgment of the trial court in favor of the plaintiff, BHP Land Services, LLC. The defendant claims that the court improperly found that the plaintiff could recover on theories of unjust enrichment and quantum meruit. We affirm the judgment of the trial court.

The court found the following facts. In 2003, the defendant purchased the property in question, which is located in Enfield (property).[2] The property consists of a house, a horse barn and pasture land of about eighteen to nineteen acres. The defendant has never

---

[1] The plaintiff's complaint contained one count against Jean Seymour as trustee of the Jean L. Seymour Revocable Trust and three counts against Jean Seymour in her individual capacity. Only the counts against Jean Seymour in her individual capacity are considered in this appeal, and we therefore refer to her as the defendant.

[2] In August, 2009, the defendant conveyed the property to herself as trustee of the Jean L. Seymour Revocable Trust by quitclaim deed.

resided at the property, but her daughter, Jennifer Seymour, has occupied the house since December, 2003. Jennifer Seymour runs a business on the property, consisting of horse boarding, horse training, sales and related activities. There was no written agreement between the defendant and Jennifer Seymour. The defendant paid the property taxes and the mortgage on the property. Jennifer Seymour did not pay rent, but she paid for all costs associated with her business. The defendant did not participate in the business in any way.

In 2007, Jennifer Seymour hired the plaintiff to grade and remove the stumps of trees on about two acres of land at an agreed on price of $2450 per acre. The work was completed, and Jennifer Seymour paid the bill. In 2008, Jennifer Seymour hired the plaintiff to stump, clear and level an additional nine acres at the same price per acre. The bill for this work was not paid in its entirety.

On December 11, 2009, the plaintiff filed a four count complaint. The first count sought foreclosure of a mechanic's lien against the defendant in her capacity as a trustee. The remaining counts were filed against the defendant in her individual capacity and alleged breach of contract, quantum meruit and unjust enrichment. The defendant filed an amended answer in which she asserted eight special defenses.

The matter was tried to the court on November 30, 2010. In its memorandum of decision, the court found that the complaint alleged sufficient facts to substantiate an order to foreclose the mechanic's lien. As to the second count, the court found in favor of the defendant because there was no contract between the plaintiff and the defendant. The court determined that the plaintiff was entitled to restitution pursuant to theories of both quantum meruit and unjust enrichment and, accordingly, rendered judgment against the defendant

in the amount of $26,250. The defendant filed motions for articulation and reconsideration and a motion for reargument. The court denied the defendant's motions. This appeal followed.

The plaintiff thereafter moved to dismiss the defendant's appeal for lack of a final judgment. The plaintiff argued that there was no final judgment because, although the court found that the plaintiff was entitled to foreclose its mechanic's lien, the court had not yet determined the terms of foreclosure, the value of the property or attorney's fees and costs. See *Essex Savings Bank* v. *Frimberger*, 26 Conn. App. 80, 80–81, 597 A.2d 1289 (1991) (no appealable final judgment where trial court did not determine amount of debt, attorney's fees or terms of foreclosure). On May 18, 2011, this court granted the motion as to count one against Jean L. Seymour as trustee and dismissed that portion of the appeal. The motion was denied as to the third and fourth counts. Accordingly, we review only those claims made by the defendant that pertain to the third and fourth counts.

The defendant claims that the court erred in finding that the plaintiff could recover under either a theory of unjust enrichment or quantum meruit.[3] We disagree.

"We begin by setting forth the standard of review. Determining whether the equitable doctrines of quantum meruit and unjust enrichment are applicable in any case requires a factual examination of the particular circumstances and conduct of the parties. . . . The amount of damages available under either doctrine, if any, is a question for the trier of fact." (Citations omitted.) *David M. Somers & Associates, P.C.* v. *Busch*, 283

---

[3] The defendant also claims that the court's finding that Jennifer Seymour was the defendant's agent under a theory of apparent authority is not legally or factually correct. We need not address this claim, as a finding of agency is not relevant to recovery against the defendant in her individual capacity under the theories of quantum meruit or unjust enrichment.

Conn. 396, 407, 927 A.2d 832 (2007). A determination that the restitution is appropriate under quantum meruit or unjust enrichment is a factual determination that may be reversed only if clearly erroneous. See *Schirmer* v. *Souza*, 126 Conn. App. 759, 772, 12 A.3d 1048 (2011); *Rosick* v. *Equipment Maintenance & Service, Inc.*, 33 Conn. App. 25, 40–41, 632 A.2d 1134 (1993).

"[Q]uantum meruit and unjust enrichment are common-law principles of restitution; both are noncontractual means of recovery without [a] valid contract . . . ." *Gagne* v. *Vaccaro*, 255 Conn. 390, 401, 766 A.2d 416 (2001), aff'd after remand, 80 Conn. App. 436, 835 A.2d 491 (2003), cert. denied, 268 Conn. 920, 846 A.2d 881 (2004). "Quantum meruit is usually a remedy based on implied contract and usually relates to the benefit of work, labor or services received by the party who was unjustly enriched, whereas unjust enrichment relates to a benefit of money or property . . . and applies when no remedy is available based on the contract. . . . The lack of a remedy under a contract is a precondition to recovery based on unjust enrichment or quantum meruit." (Citations omitted.) *United Coastal Industries, Inc.* v. *Clearheart Construction Co.*, 71 Conn. App. 506, 512–13, 802 A.2d 901 (2002).

We now turn our attention to the court's finding that the plaintiff could recover on a claim of unjust enrichment. The court determined that the defendant would be unjustly enriched by the improvements made to her property by the plaintiff unless restitution was granted to the plaintiff. The defendant claims that this finding was erroneous because (1) the plaintiff, in its complaint, alleged the existence of a contract with Jennifer Seymour and (2) the evidence did not support the court's finding that the defendant derived a benefit from the plaintiff's services.

"[A] claim for unjust enrichment has broad dimensions. Unjust enrichment applies wherever justice

requires compensation to be given for property or services rendered under a contract, and no remedy is available by an action on the contract. . . . A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another. . . . With no other test than what, under a given set of circumstances, is just or unjust, equitable or inequitable, conscionable or unconscionable, it becomes necessary in any case where the benefit of the doctrine is claimed, to examine the circumstances and the conduct of the parties and apply this standard. . . . Unjust enrichment is, consistent with the principles of equity, a broad and flexible remedy. . . . Recovery [under unjust enrichment] is proper if the defendant was benefited, the defendant did not pay for the benefit and the failure of payment operated to the detriment of the plaintiff." (Citations omitted; internal quotation marks omitted.) *Rent-A-PC, Inc.* v. *Rental Management, Inc.*, 96 Conn. App. 600, 604–605, 901 A.2d 720 (2006).

I

The defendant first claims that it was error for the court to award damages to the plaintiff on a theory of unjust enrichment because the plaintiff's complaint alleged the existence of a contract. She claims that certain paragraphs of the complaint that allege a contract are a judicial admission of a contract by which the court is bound. We disagree.

In its complaint, the plaintiff alleged that it proposed to the defendant, by and through her agent, Jennifer Seymour, to perform clearing, grading and site modification and that the defendant, by and through her agent, accepted the proposal. We do not agree that the plaintiff's allegations may be equated with a judicial admission of a contract between the parties that would

prevent it from asserting the noncontractual theories of restitution of unjust enrichment and quantum meruit.

The plaintiff's allegations were not a judicial admission that a contract existed;[4] rather, the plaintiff merely pleaded noncontractual remedies in the alternative. "Parties routinely plead alternative counts alleging breach of contract and unjust enrichment, although in doing so, they are entitled only to a single measure of damages arising out of these alternative claims. . . . Under this typical belt and suspenders approach, the equitable claim is brought in an alternative count to ensure that the plaintiff receives some recovery in the event that the contract claim fails." (Citations omitted.) *Stein* v. *Horton*, 99 Conn. App. 477, 485, 914 A.2d 606 (2007). The court was not, therefore, bound by the plaintiff's allegations that there was a contract between the parties. The court found that, while Jennifer Seymour was, indeed, the defendant's agent, there was no contract between the defendant and the plaintiff. It was for this reason that the court found in favor of the defendant on the plaintiff's breach of contract claim, and reached the claims of quantum meruit and unjust enrichment. See *Bolmer* v. *Kocet*, 6 Conn. App. 595, 612, 507 A.2d 129 (1986) ("[a]lthough the plaintiffs did not specifically label [the unjust enrichment] count as being in the alternative to the first and second counts, it is clear that it is meant to provide an alternative basis for recovery in the event of a failure of proof under those counts").

---

[4] "Judicial admissions are voluntary and knowing concessions of fact by a party or a party's attorney occurring during judicial proceedings." (Internal quotation marks omitted.) *Macy* v. *Lucas*, 72 Conn. App. 142, 153, 804 A.2d 971, cert. denied, 262 Conn. 905, 810 A.2d 272 (2002). "Factual allegations contained in pleadings upon which the case is tried are considered judicial admissions and hence irrefutable as long as they remain in the case. . . . An admission in pleading dispenses with proof, and is equivalent to proof." (Internal quotation marks omitted.) *Kronberg* v. *New Hampshire Ins. Co.*, 69 Conn. App. 330, 333, 794 A.2d 561, cert. denied, 260 Conn. 934, 802 A.2d 88 (2002).

II

The defendant also claims that the court's determination that the defendant was unjustly enriched by the plaintiff's services is not supported by the record. We disagree.

The court found that any improvements to the property inured to the defendant's benefit as the owner of the property. It found that she would be unjustly enriched by the improvements to her property unless restitution was granted to the plaintiff. It awarded the plaintiff damages "in the amount of $26,250, which was the contract price for the work done."[5] The defendant contends that there was no evidence presented to show that the defendant benefited from the work performed by the plaintiff.

Our review of the record persuades us that there was sufficient evidence for the court to determine properly that the defendant derived a benefit from the plaintiff's services. The court heard testimony from Jennifer Seymour that the defendant attended a public hearing before Enfield's inland wetlands and watercourses agency regarding the grading, clearing and seeding project on the property. It also heard testimony from Brian Pollansky, the sole member of the plaintiff, and from Jennifer Seymour that a separate entity cleared the trees before the plaintiff began its work on the property.

[5] The defendant does not challenge the court's computation of damages but, rather, its finding that the defendant benefited from the plaintiff's services. The amount awarded by the court represents the $24,450 the plaintiff charged to stump, clear and level nine acres of land plus an additional $4300 for landscaping, offset by payments made by Jennifer Seymour totaling $2500. We agree with the plaintiff that the price charged can be a fair and reasonable estimate of the benefit received by the defendant. While the measure of damages in an unjust enrichment case is the benefit to the defendant, not the loss to the plaintiff, the benefit may nevertheless be approximated from a contract, as it is evidence of the fair and reasonable value of the benefit. See *Hartford Whalers Hockey Club* v. *Uniroyal Goodrich Tire Co.*, 231 Conn. 276, 281–82, 649 A.2d 518 (1994).

Pollansky testified that when he began work at the property it looked like "a tornado went through." He removed hundreds of stumps from the property, as well as debris from stumps that had already been removed.

Whether the defendant was benefited is a factual determination we review under the clearly erroneous standard. *Schirmer* v. *Souza*, supra, 126 Conn. App. 772. "This limited scope of review is consistent with the general proposition that equitable determinations that depend on the balancing of many factors are committed to the sound discretion of the trial court." (Internal quotation marks omitted.) *New Hartford* v. *Connecticut Resources Recovery Authority*, 291 Conn. 433, 452, 970 A.2d 592 (2009). On the basis of the record before us, we conclude that the court's finding that a benefit inured to the defendant from the plaintiff's work is not clearly erroneous.

The defendant also claims that the court erred in finding that the plaintiff could recover in quantum meruit. Because we affirm the judgment of the court in granting restitution to the plaintiff in the amount of $26,250 on a theory of unjust enrichment, we need not consider that alternative basis for the court's award.

The judgment is affirmed.

In this opinion the other judges concurred.