300 STATE, LLC *v.* DIARMUID HANAFIN
(AC 34042)

DiPentima, C. J., and Bear and West, Js.

Argued October 23, 2012—officially released January 22, 2013

*Matthew G. Berger*, for the appellant (defendant).

*Robert H. Weinstein*, for the appellee (plaintiff).

*Opinion*

DiPENTIMA, C. J. The defendant, Diarmuid Hanafin, doing business as Hanafin's, appeals from the judgment of the trial court rendered in favor of the plaintiff, 300 State, LLC. On appeal, the defendant claims that the court improperly awarded damages for his use and occupancy of the premises leased to him by the plaintiff because the plaintiff failed to introduce any evidence and the court did not find the reasonable value of the premises. We conclude that the court properly rendered judgment in favor of the plaintiff with respect to its breach of lease claim. Accordingly, we affirm the judgment of the trial court.

The court set forth the following findings of fact in its memorandum of decision. When the plaintiff acquired the title to the property located at 300/310 State Street in New London, the defendant occupied over 2000 square feet of the premises pursuant to a lease. At some point, the defendant stopped making the monthly rental payments. In January, 2010, the defendant made a lump sum payment of $10,000, but failed to make any further payments. The defendant vacated the premises in July, 2010.

The plaintiff commenced the present action alleging breach of lease, quantum meruit and unjust enrichment.[1] In its first count, alleging breach of lease, the

---

[1] "Quantum meruit and unjust enrichment are common-law doctrines that provide restitution, or the payment of money, when justice so requires. See *Gagne* v. *Vaccaro*, 255 Conn. 390, 401, 766 A.2d 416 (2001) . . . ." (Citations omitted.) *United Coastal Industries, Inc.* v. *Clearheart Construction Co.*, 71 Conn. App. 506, 511–12, 802 A.2d 901 (2002). Both doctrines allow for

plaintiff claimed that it was damaged in the following ways: (1) lost rent, (2) additional related charges pursuant to the terms of the lease, (3) attorney's fees, costs and expenses, (4) damage to the property and (5) use and occupancy due. The defendant filed an answer and a special defense that he was entitled to a setoff for the cost of purchasing and installing an HVAC system for the property. The plaintiff denied the allegations of the defendant's special defense.

During the trial, the plaintiff presented evidence consisting of two billing notices totaling $47,474.99 owed by the defendant. The court determined that there was no evidence to support the charge for legal services in the amount of $1072.50 that was included in that total. The court then stated: "The defendant is found to be indebted to the plaintiff for the occupancy of the leased premises, including the related fees included in the agreement found to have existed, in the amount of $46,402.49, under both the First and Second Counts of the complaint." The court further determined that the defendant had failed to introduce any evidence with respect to his special defense. The court also declined to award statutory interest to the plaintiff. This appeal followed.

The defendant argues that the court improperly awarded use and occupancy damages to the plaintiff. He contends that such an award was improper because there was neither evidence nor a finding made as to the reasonable value of the premises. As a prerequisite to this argument, the defendant maintains that the court could not have rendered judgment in favor of the plaintiff on both the breach of lease and quantum meruit counts because they are inconsistent. We are not persuaded by the defendant's contentions.

damages to compensate a party for the money, services or goods of which it was deprived for the benefit of another. Id., 512; see generally *Walpole Woodworkers, Inc.* v. *Manning*, 307 Conn. 582, 587 n.9, 57 A.3d 730 (2012).

Before addressing the specifics of this appeal, it is helpful to identify certain legal principles. "[A] lease is a contract under which an exclusive possessory interest in property is conveyed. . . . A lease is more than a mere license; it is a contract for the possession and profits of lands and tenements on the one side, and a recompense of rent or other income on the other; or, in other words, a conveyance to a person for life, or years, or at will, in consideration of a return of rent or other recompense. . . . Its distinguishing characteristic is the surrender of possession by the landlord to the tenant so that he may occupy the land or tenement leased to the exclusion of the landlord himself." (Citations omitted; internal quotation marks omitted.) *Murphy, Inc.* v. *Remodeling, Etc., Inc.*, 62 Conn. App. 517, 522–23, 772 A.2d 154, cert. denied, 256 Conn. 916, 773 A.2d 945 (2001). "The elements of a breach of contract action are the formation of an agreement, performance by one party, breach of the agreement by the other party and damages." (Internal quotation marks omitted.) *Pelletier* v. *Galske*, 105 Conn. App. 77, 81, 936 A.2d 689 (2007), cert. denied, 285 Conn. 921, 943 A.2d 1100 (2008).

Quantum meruit is a doctrine allowing for recovery "based upon common law principles of restitution, [and is a] noncontractual [action] by which a party may recover despite the absence of a valid contract . . . ." (Internal quotation marks omitted.) *Schirmer* v. *Souza*, 126 Conn. App. 759, 766, 12 A.3d 1048 (2011). "The lack of a remedy under a contract is a precondition to recovery based on unjust enrichment or quantum meruit." (Internal quotation marks omitted.) *BHP Land Services, LLC* v. *Seymour*, 137 Conn. App. 165, 169, 47 A.3d 950, cert. denied, 307 Conn. 927, 55 A.3d 569 (2012).

The defendant interprets the court's judgment as awarding use and occupancy damages under both counts, and assumes that any finding of a breach of

lease is improper as a result of the mutually exclusive nature of the breach of lease and quantum meruit counts alleged in the plaintiff's complaint. We recognize that a party "cannot be held liable simultaneously for breach of an express contract and an implied in law contract governing the same subject matter." *Laser Contracting, LLC* v. *Torrance Family Ltd. Partnership*, 108 Conn. App. 222, 229, 947 A.2d 989 (2008); see also *Russell* v. *Russell*, 91 Conn. App. 619, 638, 882 A.2d 98 (unjust enrichment and breach of contract are mutually exclusive theories of recovery), cert. denied, 276 Conn. 924, 925, 888 A.2d 92 (2005); cf. *Parnoff* v. *Mooney*, 132 Conn. App. 512, 519, 35 A.3d 283 (2011) (claim of quantum meruit described as implied in law contract). A judgment in favor of a party on both an express and an implied in law contract, however, does not constitute reversible error in every instance. For example, in *MD Drilling & Blasting, Inc.* v. *MLS Construction, LLC*, 96 Conn. App. 798, 804, 902 A.2d 686 (2006), we concluded that "the plaintiff was entitled to judgment on the breach of contract and unjust enrichment claims as a result of the defendants' default for failure to plead." We stressed, however, that the plaintiff could not receive a double recovery. Id.; see also *Stein* v. *Horton*, 99 Conn. App. 477, 485, 914 A.2d 606 (2007) (parties may plead in alternative claims for breach of contract and unjust enrichment but entitled only to single recovery). Similarly, in *Pleines* v. *Franklin Construction Co.*, 30 Conn. App. 612, 616, 621 A.2d 759 (1993), the trial court rendered judgment in favor of the plaintiff as to all three counts in its complaint alleging foreclosure of a mechanic's lien, the existence of an express oral contract and unjust enrichment. We stated: "The defendants correctly note that the judgment on the third count [unjust enrichment] appears to be inconsistent with the judgment on the second count [oral

contract] because proof of a contract ordinarily pre-
cludes the remedy of unjust enrichment. . . . *Never-*
*theless, assuming arguendo that the judgment was*
*improper, the error was harmless because there was*
*sufficient evidence to support a judgment . . . under*
*either theory.*" (Citations omitted; emphasis added.) Id.;
see also *Harley* v. *Indian Spring Land Co.*, 123 Conn.
App. 800, 833 n.25, 3 A.3d 992 (2010) (same). We con-
clude, therefore, that under our case law, the court's
judgment for the plaintiff in the present case on its
claims for breach of lease and quantum meruit did not
constitute reversible error and is harmless because the
plaintiff produced sufficient evidence to support the
judgment under either count.[2]

We now turn to the defendant's contention that the
court improperly found use and occupancy damages.
As a corollary to this argument, the defendant contends
that the court did not find a breach of lease. We con-
clude that the defendant's reading and interpretation
of the court's judgment is fatally flawed. We start with
our standard of review. "As a general rule, [orders and]
judgments are to be construed in the same fashion as
other written instruments. . . . The determinative fac-
tor is the intention of the court as gathered from all parts
of the [order or] judgment. . . . The interpretation of
[an order or] judgment may involve the circumstances
surrounding [its] making . . . . Effect must be given
to that which is clearly implied as well as to that which

_____

[2] The plaintiff presented the testimony of Jeremy Browning, an employee
of Trio Properties, a property management company. Browning testified
that his employment responsibilities consisted of leasing and showing rental
suites, collecting rent, administering contracts for tasks such as snow plow-
ing and garbage removal, and performing accounting duties. Browning stated
that the defendant had paid rent in accordance with the terms of a lease
and at some point stopped payment for rent, resulting in an outstanding
balance owed to the plaintiff. We acknowledge, however, that the lease
itself was not admitted into evidence. Last, we note that the defendant has
not challenged the factual findings of the court as to the breach of lease claim.

is expressed. . . . The [order or] judgment should admit of a consistent construction as a whole." (Internal quotation marks omitted.) *Chapman Lumber, Inc.* v. *Tager,* 288 Conn. 69, 91–92, 952 A. 2d 1 (2008); see also *Eberhart* v. *Meadow Haven, Inc.,* 111 Conn. App. 636, 647, 960 A.2d 1083 (2008). "The interpretation of a trial court's judgment presents a question of law over which our review is plenary." *Sosin* v. *Sosin,* 300 Conn. 205, 217, 14 A.3d 307 (2011).

The key sentence in the trial court's memorandum of decision is as follows: "The defendant is found to be indebted to the plaintiff *for the occupancy of the leased premises,* including the related fees included in the agreement found to have existed, in the amount of \$46,402.49, *under both the First and Second Counts of the complaint.*" (Emphasis added.) In other words, the court found that the defendant breached the terms of the lease with the plaintiff and that the plaintiff had prevailed on its quantum meruit claim. The defendant interprets the court's use of the phrase "for the occupancy of the leased premises" to mean "use and occupancy" in the context of General Statutes § 47a-3c.[3] Section 47a-3c provides: "In the absence of agreement, the tenant shall pay the fair rental value for the use and occupancy of the dwelling unit."[4] The defendant then

[3] The defendant included a footnote indicating that although a plaintiff is required by Practice Book § 10-3 (a) to identify specifically any statute on which a claim in a complaint is grounded, the failure by the plaintiff to cite § 47a-3c is not fatal due to the discretionary nature of Practice Book § 10-3 (a).

[4] "Under Connecticut law, use and occupancy, by definition, is an amount equal to fair rental value . . . . It is the amount to which the landlord is entitled after the rental agreement has been terminated . . . ." (Internal quotation marks omitted.) *LeBlanc* v. *Tri-Town Shelter Services, Inc.,* 110 Conn. App. 118, 123, 995 A.2d 55 (2008); see also *Sippin* v. *Ellam,* 24 Conn. App. 385, 392, 588 A.2d 660 (1991) (situations contemplated by § 47a-3c include recovery for use and occupancy when there is absence of lease agreement or termination of valid lease agreement by notice to quit); *New Haven* v. *Mason,* 17 Conn. App. 92, 95 n.2, 550 A.2d 18 (1988) ("[t]he term 'use and occupancy' is a term of art that has been embodied in . . . § 47a-3c, providing the remedy of use and occupancy payments absent a rental

proceeds to argue that testimony was required to establish use and occupancy damages in the context of § 47a-3c.[5]

We disagree with the defendant's interpretation of the trial court's memorandum of decision. We conclude that the court's use of the phrase "occupancy of the leased premises" was not as a term of art with respect to § 47a-3c, but rather in relation to the defendant's possession of the property at issue. This court has described the landlord-tenant relationship as "one in which there is an oral or written rental agreement between the parties containing the terms and conditions for the *use and occupancy* of the subject dwelling unit." (Emphasis added; internal quotation marks omitted.) *Allstate Ins. Co.* v. *Palumbo*, 109 Conn. App. 731, 738, 952 A.2d 1235 (2008), rev'd on other grounds, 296 Conn. 253, 994 A.2d 174 (2010); see also *73-75 Main Avenue, LLC* v. *PP Door Enterprise, Inc.*, 120 Conn. App. 150, 152, 991 A.2d 650 (2010) (party entered into written lease for use and occupancy of commercial real estate). Additionally, the court described the property as the "*leased* premises," thereby indicating that it was subject to a lease. Further, the court made a specific reference to the first count of the complaint, which alleged a claim of breach of lease. For these reasons, we conclude that the court found that the defendant breached the lease and awarded the plaintiff damages accordingly. The defendant's sole claim on appeal, that there was no evidence and no finding as to the reasonable value

agreement"); *Rivera* v. *Santiago*, 4 Conn. App. 608, 611, 495 A.2d 1122 (1985) (use and occupancy is amount to which landlord entitled after rental agreement has been terminated but while tenancy at sufferance exists).

[5] General Statutes § 47a-3c, by its express terms, is limited to the use and occupancy of a dwelling unit. General Statutes § 47a-1 (c) defines a dwelling unit as "any house or building, or any portion thereof, which is occupied, is designed to be occupied, or is rented, leased or hired out to be occupied, as a home or residence of one or more persons." Thus, § 47a-3c applies only to residential premises. The premises in this case are commercial.

of the premises for purposes of § 47a-3c, does not affect the basis of the court's judgment with respect to count one of the complaint. Having determined that a lease existed and that the defendant was in breach thereof, there was no need for the court to find damages for use and occupancy. The defendant's appeal, therefore, must fail.

The judgment is affirmed.

In this opinion the other judges concurred.