## RENT-A-PC, INC. *v.* RENTAL MANAGEMENT, INC.
### (AC 26285)

Bishop, Gruendel and Foti, Js.

Argued March 20—officially released July 25, 2006

*Margaret M. Doherty,* with whom, on the brief, was *John M. Wolfson,* for the appellant (defendant).

*Keith R. Ainsworth,* for the appellee (plaintiff).

### Opinion

BISHOP, J. The defendant, Rental Management, Inc., appeals from the judgment of the trial court in favor of the plaintiff, Rent-A-PC, Inc. On appeal, the defendant claims that the court improperly (1) rendered judgment in favor of the plaintiff on the basis of unjust enrichment and (2) concluded that the defendant failed to prove

that the plaintiff breached the parties' express contract. We affirm the judgment of the trial court.

The plaintiff is a computer rental business with its principal place of business in Hauppauge, New York. The defendant is a marketer of computer software specifically designed for the equipment rental business. Its principal place of business is in Avon. The defendant sent letters, dated February 9, March 20 and April 15, 2000, to the plaintiff for the purpose of soliciting the plaintiff's purchase of a new, unique software package that the defendant had developed. As part of the negotiations for the purchase of the software, the defendant conducted two demonstrations for the plaintiff during which the plaintiff discovered that certain parts of the software needed to be modified for its specific needs. The defendant informed the plaintiff that some of its requests would be considered custom modifications that would entail an additional charge.

On October 27, 2000, the defendant sent the plaintiff a memorandum setting forth the total cost of the software and informing the plaintiff of a 25 percent discount available on portions of the software.[1] This memorandum called for a deposit of 50 percent of the software licensing fee and 25 percent of the projected cost of implementation for a total of $42,110 to be paid by December 15, 2000. On November 6, 2000, the parties discussed a list of items that the plaintiff wanted to be functional by December 31, 2000. On the basis of the defendant's assurances of functionality and the 25 percent software discount, the plaintiff signed the October 27, 2000 writing and paid the deposit on December 14, 2000.

---

[1] The software consisted of two distinct but integrated parts. The Phase #1 software was implemented during the first three months of 2001 and was functional on the plaintiff's system. Phase #1 was the underlying accounting software that was required for Phase #2 to function. The parties agree that the Phase #1 contract is not a subject of this action.

On May 10, 2001, the plaintiff paid the $33,040 balance of the software cost, and the defendant installed the Phase #2 software. The plaintiff subsequently discovered that the Phase #2 software did not contain the modifications that the plaintiff had requested, even though those modifications had been communicated to the defendant over the previous several months. The plaintiff requested that the defendant return the check for $33,040. The defendant returned the check and disabled the Phase #2 software that had been installed on the plaintiff's computer.

On June 6, 2001, the plaintiff sent a letter to the defendant, stating its intent to halt the implementation of the Phase #2 software and requesting a refund of its $42,110 deposit if the Phase #2 software could not be made fully functional in a timely manner. Subsequently, the plaintiff sent the defendant its detailed requirements for the implementation of the Phase #2 software. On September 16, 2001, the defendant sent the plaintiff an account reconciliation. In this missive, the defendant indicated that it would not demand payment of the balance due on the Phase #2 software until the plaintiff was ready to implement it as long as the plaintiff proceeded with the implementation process. Nevertheless, the parties did not proceed further with the implementation of the Phase #2 software.

On June 4, 2003, the plaintiff filed an eight count complaint alleging breach of contract, breach of express warranty, breach of warranty of merchantability, breach of implied warranty of fitness for a particular purpose, violation of the Connecticut Unfair Trade Practices Act,[2] unjust enrichment, fraud and intentional misrepresentation, and negligent misrepresentation. The defendant filed a counterclaim alleging breach of

[2] General Statutes § 42-110a et seq.

contract and contractual violations pursuant to the Uniform Commercial Code, General Statutes § 42a-2-703 et seq. By memorandum of decision filed November 23, 2004, the court found for the plaintiff on count six of its complaint, the unjust enrichment claim. The court further found that the defendant failed to meet its burden of proof on its counterclaim and awarded the plaintiff $42,110, without fees or costs.[3] The defendant filed a motion to reargue, which was denied. This appeal followed.

I

The defendant first claims that the court improperly found in favor of the plaintiff on the basis of unjust enrichment. Specifically, the defendant asserts that (1) the remedies available under the parties' express contract precluded a remedy on the basis of unjust enrichment and (2) the court improperly determined that the defendants were unjustly enriched. We are not persuaded.

"[A] claim for unjust enrichment has broad dimensions. Unjust enrichment applies wherever justice requires compensation to be given for property or services rendered under a contract, and no remedy is available by an action on the contract. 5 Williston, Contracts (Rev. Ed.) § 1479. A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which

---

[3] Although it is preferable for a trial court to make a formal ruling on each count, we will not elevate form over substance when it is apparent from the memorandum of decision that the trial court found in favor of the plaintiff on its unjust enrichment claim. See *Raudat* v. *Leary*, 88 Conn. App. 44, 49, 868 A.2d 120 (2005). Here, the court awarded damages to the plaintiff, without fees or costs, and reiterated in its judgment file that it was rendering judgment in favor of the plaintiff on the basis of unjust enrichment. We thus determine that the rights of the parties were concluded and that a final judgment was rendered in this case.

has come to him at the expense of another. . . . With no other test than what, under a given set of circumstances, is just or unjust, equitable or inequitable, conscionable or unconscionable, it becomes necessary in any case where the benefit of the doctrine is claimed, to examine the circumstances and the conduct of the parties and apply this standard. . . . Unjust enrichment is, consistent with the principles of equity, a broad and flexible remedy." (Citations omitted; internal quotation marks omitted.) *Meaney* v. *Connecticut Hospital Assn., Inc.*, 250 Conn. 500, 511–12, 735 A.2d 813 (1999). "Recovery [under unjust enrichment] is proper if the defendant was benefited, the defendant did not pay for the benefit and the failure of payment operated to the detriment of the plaintiff." (Internal quotation marks omitted.) *Russell* v. *Russell*, 91 Conn. App. 619, 637, 882 A.2d 98, cert. denied, 276 Conn. 924, 925, 888 A.2d 92 (2005).

"[T]he determinations of whether a particular failure to pay was unjust and whether the defendant was benefited are essentially factual findings . . . that are subject only to a limited scope of review on appeal. . . . Those findings must stand, therefore, unless they are clearly erroneous or involve an abuse of discretion." (Internal quotation marks omitted.) Id., 637–38.

A

The defendant claims that because both parties pleaded that they entered into an express contract, the court was bound by these judicial admissions and was precluded from finding in favor of the plaintiff on the basis of unjust enrichment.

Although the "lack of a remedy under the contract is a precondition for recovery based upon unjust enrichment"; *Gagne* v. *Vaccaro*, 255 Conn. 390, 401, 766 A.2d 416 (2001), on appeal after remand, 80 Conn. App. 436, 835 A.2d 491 (2003), cert. denied, 268 Conn. 920, 846

A.2d 881 (2004); the existence of a contract, in itself, does not preclude equitable relief which is not inconsistent with the contract. See *Polverari* v. *Peatt*, 29 Conn. App. 191, 200, 614 A.2d 484, cert. denied, 224 Conn. 913, 617 A.2d 166 (1992).

Here, the court did not find that either party breached the contract and did not make any findings with respect to the remedies available under the contract. The court merely stated that "[t]he issues on count six of the complaint, unjust enrichment, are found for [the plaintiff] and on the counterclaim, [the defendant] failed in its proof. Therefore, the issues are found for [the plaintiff]." Neither party requested that the court articulate its decision. Accordingly, we cannot conclude that the court's award of damages for unjust enrichment was inconsistent with the contract or that the court was precluded from awarding damages on the basis of unjust enrichment.

B

The defendant next claims that the court improperly concluded that it was unjustly enriched because it had expended funds in excess of the plaintiff's down payment to purchase the software that it had installed on the plaintiff's system. This claim is unavailing.

"Unjust enrichment is a common-law doctrine allowing damages for restitution, that is, the restoration to a party of money, services or goods of which he or she was deprived that benefited another." (Internal quotation marks omitted.) *Gagne* v. *Vaccaro*, 80 Conn. App. 436, 440 n.2, 835 A.2d 491 (2003), cert. denied, 268 Conn. 920, 846 A.2d 881 (2004). "In an unjust enrichment case, damages are ordinarily not the loss to the plaintiff, but the benefit to the defendant, for which the fact finder may rely on the plaintiff's contract price when the benefit is too difficult to determine." *United Coastal Industries, Inc.* v. *Clearheart Construction Co.*, 71

Conn. App. 506, 515, 802 A.2d 901 (2002). The party against whom restitution is sought, however, cannot reduce the amount from which it may be liable by subtracting its expenditures from the amount of the benefit that it has received. See 3 Restatement (Second), Contracts § 371 (1981). "If restitution were to be a proper remedy for the plaintiff's loss . . . it would be more consistent with the aims of restitution to measure the benefit conferred on the defendants, not by their benefit in gross, but by their benefit in having been relieved of the obligation of providing proper compensation to the plaintiff." *Meaney* v. *Connecticut Hospital Assn., Inc.*, supra, 250 Conn. 515.

Applying these principles to the case at hand, we conclude that it was within the province of the court, in balancing the equities of this case, to disregard the defendant's transactional costs in determining whether it was unjustly enriched. Accordingly, the court's determination that the defendant was unjustly enriched was not clearly erroneous.

II

The defendant next claims that the court improperly found that it failed to prove that the plaintiff had breached the contract. We disagree.

"Whether there was a breach of contract is ordinarily a question of fact. . . . We review the court's findings of fact under the clearly erroneous standard." (Internal quotation marks omitted.) *Czaplicki* v. *Ogren*, 87 Conn. App. 779, 785, 868 A.2d 61 (2005).

In this case, rather than specify any deficiencies with the court's finding that the defendant failed to prove that the plaintiff had breached the contract, the defendant essentially seeks to have this court retry the facts of the case. It is axiomatic that it is not the role of this court to engage in fact-finding, and the defendant has failed to demonstrate that the court's finding was clearly erroneous.

The judgment is affirmed.

In this opinion the other judges concurred.