## ELIZABETH HARDIE *v.* AVI MISTRIEL ET AL. (AC 33253)

Gruendel, Beach and West, Js.

Argued November 28, 2011—officially released February 14, 2012

*Cynthia M. Garraty*, for the appellant (named defendant).

*Charles T. Busek*, for the appellee (plaintiff).

*Opinion*

BEACH, J. The defendant Avi Mistriel[1] appeals from the judgment of the trial court rendered in favor of the plaintiff, Elizabeth Hardie, finding that the defendant had trespassed on the plaintiff's land and awarding damages. On appeal, the defendant claims that the court erred in its award of damages. We reverse, in part, the judgment of the trial court.

The following facts, as found by the trial court, and procedural history are relevant. The plaintiff owned a

---

[1] Beth Mistriel was also a defendant in this action. The court, via a supplemental order dated February 3, 2011, dismissed the action against Beth Mistriel. For clarity, we refer to Avi Mistriel only as the defendant.

parcel of real property in Danbury that abutted the defendant's property. In late summer and early fall of 2007, the defendant was engaged in building a home on his property. On August 27, 2007, the defendant and a group of workers cleared trees and brush on the defendant's property. The defendant crossed the boundary line onto the plaintiff's property and, under the mistaken belief that the trees were on his land, cut down and removed several trees that were located on the plaintiff's property and on the property line. He removed nine trees in total, most of which were from thirty to forty feet in height. The trees had provided shade and privacy for the plaintiff's backyard. Without the trees, the plaintiff's backyard was exposed to full sunlight and the plaintiff had a direct view of the defendant's house.

In 2009, the plaintiff brought suit, alleging trespass, conversion, negligence and recklessness. The defendant filed a motion to strike the count of the complaint alleging recklessness, which motion the court granted. In its memorandum of decision dated February 3, 2011, the court found in favor of the plaintiff on the trespass count of the complaint.[2] The court determined that the diminution in value to the plaintiff's property was properly measured by the cost of "cleanup and screening the area with new trees." The court awarded the plaintiff $11,200, the amount of the cost of seven new trees; the court also awarded costs. This appeal followed.

The defendant argues that the court erred when it measured damages by the cost of cleaning up and

[2] It is apparent from the memorandum of decision, and is reiterated in the judgment file, that the court found in favor of the plaintiff on its trespass count and awarded damages on that count. Although the court did not make a formal ruling on each count, as is preferable, we do not elevate form over substance and conclude that a final judgment was rendered in this case. See *Rent-A-PC, Inc.* v. *Rental Management, Inc.*, 96 Conn. App. 600, 604 n.3, 901 A.2d 720 (2006).

screening the plaintiff's property with new trees. He contends that the plaintiff introduced evidence only of replacement cost as a measure of damages and that such evidence alone is insufficient to support the damage award in this case. We agree.

At common law "[i]t is an appropriate remedy [for the loss of trees] either for the recovery of damages for the mere unlawful entry upon the [defendant's] land; for the recovery of the value of the trees removed, considered separately from the land; or for the recovery of damages to the land resulting from the special value of the trees as shade or ornamental trees while standing on the land. For a mere unlawful entry upon land nominal damages only would be awarded. If the purpose of the action is only to recover the value of the trees as chattels, after severance from the soil, the rule of damages is the market value of the trees for timber or fuel. For the injury resulting to the land from the destruction of trees which, as a part of the land, have a peculiar value as shade or ornamental trees, a different rule of damages obtains, namely, the reduction in the pecuniary value of the land occasioned by the act complained of." *Eldridge* v. *Gorman*, 77 Conn. 699, 701, 60 A. 643 (1905); see also *Ventres* v. *Goodspeed Airport, LLC*, 275 Conn. 105, 159, 881 A.2d 937 (2005), cert. denied, 547 U.S. 1111, 126 S. Ct. 1913, 164 L. Ed. 2d 664 (2006).

"General Statutes § 52-560 permits the court to make an award for the reasonable value of the trees if the opposing party mistakenly believed that the trees were on his land. Although § 52-560 provides that the injured party in a tree cutting case is entitled to the reasonable value of any tree that was destroyed, the replacement cost of the destroyed trees is not a proper measure of damages under § 52-560. . . . Rather, the proper measure of damages is either the market value of the tree, once it is severed from the soil, or the diminution in

the market value of the . . . real property caused by the cutting."[3] (Citation omitted; internal quotation marks omitted.) *Palmieri* v. *Cirino*, 90 Conn. App. 841, 849–50, 880 A.2d 172, cert. denied, 276 Conn. 927, 889 A.2d 817 (2005).

The court erred in measuring the plaintiff's damages by the cost of screening her property with seven new trees. Replacement value is not one of the three possible measures of damages for a loss of tree under the common law as established by current case law, and § 52-560 does not permit recovery based only on replacement value. The only evidence submitted by the plaintiff as to the measure of damages was the testimony of Grant Putnam, a landscape contract designer, who testified as to the cost of replacing the trees that the defendant had removed. Replacement value alone is not sufficient.[4] See id., 851 (court's award of damages for removal of trees improper where record contained no evidence regarding diminution in property value or value of trees separate from land but only contained evidence of replacement value). Accordingly, the

---

[3] We are aware of statements in *Ventres* v. *Goodspeed Airport, LLC*, supra, 275 Conn. 159–60, that support the contention that replacement cost may be an appropriate remedy. An examination of these statements reveal that they are dicta. "It is well established that statements in prior cases that constitute dicta do not act as binding precedent." (Internal quotation marks omitted.) *Lewis* v. *Slack*, 110 Conn. App. 641, 647 n.3, 955 A.2d 620, cert. denied, 289 Conn. 953, 961 A.2d 417 (2008). Although the common law may in the future be modified, we are bound by prior holdings of our Supreme Court and of this court.

[4] It may be that in some circumstances the diminution in market value caused by tree removal may approximate the cost of replacement. A rational purchaser wanting to buy a particular parcel only if it is screened may be willing to buy the parcel unscreened, but at a price reduced by the cost of planting the desired trees. In the present case, no such nexus was made, however, and it is not our province to infer such a connection.

A court writing on a blank slate might reasonably hold that replacement cost is a reasonable remedy in that landscaping the property may return it to its condition prior to the trespass. As stated previously, our courts have not accepted replacement cost as a remedy in these circumstances.

court's award of $11,200 to screen the property with new trees was improper.[5]

The judgment is reversed only as to the $11,200 award of damages for the removal of the plaintiff's trees and the case is remanded with direction to render judgment awarding nominal damages to the plaintiff with respect to that loss. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.

---

[5] "Nominal damages are recoverable where there is a breach of a legal duty or the invasion of a legal right and no actual damages result or where, as here, such damages are not proven. . . . To obtain an award of more than nominal damages, facts must exist that afford a basis for measuring the [defendant's] loss with reasonable certainty. The evidence must be such that the jury may find the amount of this loss by reasonable inferences from the facts established, not by conjecture, speculation and surmise. . . . This court has previously declined to remand an action for a new trial for failure to award nominal damages on the basis that [n]o purpose would be furthered by a remand because the damages to be awarded to the [defendant] against the [plaintiff] could only be nominal based upon the substantive findings of the trial court . . . . We will not ordinarily remand a case for the mere failure to award nominal damages. . . . Although appellate courts ordinarily will not remand a case for the failure to award nominal damages, they have not hesitated in such circumstances simply to direct the trial court to render judgment for the prevailing party for $1 in nominal damages." (Internal quotation marks omitted.) *Palmieri* v. *Cirino*, supra, 90 Conn. App. 851 n.10.