McDONALD, J.
**711 A threshold jurisdictional issue in this case requires us to clarify the circumstances under which there can be an appealable final judgment when the trial court's decision does not dispose of counts advancing alternative theories of relief. The plaintiff, Meribear Productions, Inc., brought an action against the defendants, Joan E. Frank and George A. Frank, for common-law enforcement of a foreign default judgment, breach of contract and quantum meruit. Judgment was rendered in favor of the plaintiff against each of the defendants under different counts of the complaint. The Appellate Court affirmed the judgment on the merits, and this court thereafter granted the defendants' petition for certification to appeal from that judgment. Upon further review, it is apparent that the judgment was not final as to George Frank, and, therefore, the Appellate Court lacked jurisdiction over the defendants' joint appeal.
The following facts were found by the trial court or are otherwise reflected in the record. The defendants, who are husband and wife, decided to sell their Westport **712 home. They hired the plaintiff, a home staging services provider, to provide design and decorating services, which included the staging of home furnishings owned by the plaintiff, to make the residence more attractive to potential buyers. The plaintiff is a California corporation with its principal place of business located in Los Angeles. The staging agreement was signed only by Joan Frank, the owner of the property. George Frank signed an addendum to the agreement, which authorized the plaintiff to charge his credit card for the initial staging fee, which included the first four months of rental charges, and indicated his personal guarantee to the plaintiff, but he crossed out the phrase "any obligations that may become due."
More than four months after the furnishings were delivered and staged in the defendants' home, the defendants defaulted on their payment obligations and failed to cooperate with the plaintiff's attempts to repossess the furnishings. The plaintiff filed an action against the defendants in a California Superior Court. The defendants did not appear or defend. The California *1166 court entered a default judgment against the defendants in the amount of $259,746.10, which included prejudgment interest and attorney's fees.[1]
Approximately one month later, the plaintiff commenced the present action in Connecticut seeking to hold the defendants jointly and severally liable under the foreign default judgment and to recover additional attorney's fees, costs, and postjudgment interest. In response to the defendants' assertion of a special defense that the judgment was void because the California court lacked personal jurisdiction over them, the plaintiff amended the complaint to add two counts seeking **713 recovery against both defendants under theories of breach of contract and quantum meruit. Prior to trial, a prejudgment attachment in the amount of $259,764.10, together with 10 percent postjudgment interest, pursuant to provisions of the California Code of Civil Procedure, was entered against the Westport real property owned by Joan Frank.
In a trial to the court, the plaintiff litigated all three claims. In its posttrial brief, the plaintiff requested that the court give full faith and credit to the California judgment, plus postjudgment interest; "[i]n the alternative," find that the defendants had breached the contract and award damages in the same amount awarded in the California judgment, plus interest, fees and costs; and, "[f]inally, in the event [that] neither request is ... granted," render judgment in the plaintiff's favor on the quantum meruit count in the same amount.
The court issued a memorandum of decision finding in favor of the plaintiff on count one against George Frank and on count two against Joan Frank. The court acknowledged at the outset that the three count complaint was for "common-law enforcement of a foreign default judgment, and alternatively, for breach of contract and quantum meruit." Turning first to count one, the trial court determined that, as a result of the manner in which process was served, the California court lacked personal jurisdiction over Joan Frank but had jurisdiction over George Frank. In rejecting George Frank's argument that the exercise of jurisdiction did not comply with the dictates of due process, the court cited his admission "that he signed a guarantee of the staging agreement ... that provides that Los Angeles is the appropriate forum." Consequently, the court stated that it would render judgment on count one for Joan Frank and against George Frank.
In resolving the remaining counts, the court made no further reference to George Frank. As to count two, **714 the court concluded that Joan Frank had breached the contract, that she could not prevail on her special defenses to enforcement of the contract, and that judgment would be rendered for the plaintiff and against Joan Frank. As to count three, the court cited case law explaining that parties routinely plead alternative counts of breach of contract and quantum meruit, but that they are only entitled to a single measure of damages. The court concluded: "The plaintiff has proven that Joan Frank breached the contract. Therefore, the court need not consider the alternative claim for quantum meruit."
The court awarded damages against George Frank on count one and against Joan Frank on count two. Although both awards covered inventory loss and lost rents, the California judgment included *1167 prejudgment interest and attorney's fees, whereas the breach of contract award included late fees related to the rental loss. The judgment file provided: "The court, having heard the parties, finds the issues for the plaintiff. Whereupon it is adjudged that the plaintiff recover of the defendant Joan E. Frank $283,106.45 damages and that the plaintiff recover of the defendant George A. Frank $259,746.10." The court indicated that a hearing would be scheduled on attorney's fees, but did not address the subject of postjudgment interest.
The defendants jointly appealed from the judgment to the Appellate Court, claiming that (1) the California judgment was unenforceable against George Frank because he did not have sufficient minimum contacts with California for its court to exercise personal jurisdiction over him, (2) the staging services agreement was not enforceable because it failed to comply with certain provisions of the Home Solicitation Sales Act, General Statutes § 42-134a et seq., and (3) the damage award was improper because (a) the judgment against George Frank under the first count and against Joan **715 Frank under the second count constituted double recovery for the same loss, and (b) the award under the second count improperly included damages for conversion of the home furnishings. See Meribear Productions, Inc. v. Frank , 165 Conn. App. 305, 311, 316, 321-22, 140 A.3d 993 (2016). The Appellate Court affirmed the trial court's judgment, rejecting the defendants' claims on the merits. Id., 307, 140 A.3d 993. With respect to the double damages issue, the Appellate Court noted that "the plaintiff may recover the full amount awarded by the trial court based on count one or count two of its complaint. It may, however, recover only once for the harm that it suffered." Id., 322, 140 A.3d 993.
The defendants' certified appeal to this court followed.[2] During the course of oral argument, the defendants conceded that the plaintiff was entitled to some recovery under quantum meruit and asserted that, although that count had not been addressed in any manner by the trial court as to George Frank, the plaintiff could obtain a ruling on that count on remand should the defendants succeed on their appeal. In response, this court questioned whether George Frank's appeal had been taken from a final judgment when the trial court's ruling had not disposed of all counts against him. Because this issue had not been addressed in the parties' briefs, we ordered supplemental briefs on that issue. In those briefs, the parties agreed that there was a final judgment. They contended that the failure to rule on an alternative claim for relief does not affect **716 the finality of the judgment.[3] Although there is Appellate Court authority to support *1168 the parties' position, we conclude that one line of this case law, applicable to the present case, is inconsistent with our final judgment law. We conclude that the trial court's failure to dispose of either the contract count or the quantum merit count as to George Frank resulted in the lack of a final judgment. Accordingly, the Appellate Court should have dismissed the defendants' joint appeal.[4] See **717 In re Santiago G. , 325 Conn. 221, 229, 157 A.3d 60 (2017) ("the lack of a final judgment is a jurisdictional defect that [necessitates] ... dismissal of the appeal" [internal quotation marks omitted] ).
"When judgment has been rendered on an entire complaint ... such judgment shall constitute a final judgment." Practice Book § 61-2. As a general rule, however, a judgment that disposes of only a part of a complaint is not final, unless it disposes of all of the causes of action against the appellant. Manifold v. Ragaglia , 272 Conn. 410, 417-18 n.8, 862 A.2d 292 (2004) ; Cheryl Terry Enterprises, Ltd. v. Hartford , 262 Conn. 240, 246, 811 A.2d 1272 (2002) ; see also Practice Book § 61-3 (party may appeal if partial judgment disposes "of all causes of action ... against a particular party or parties").
If a party wishes to appeal from a partial judgment rendered against it, barring a limited exception not applicable to the *1169 present case, it can do so only if the remaining causes of action or claims for relief are withdrawn or unconditionally abandoned before the appeal is taken.[5] Compare **718 Stroiney v. Crescent Lake Tax District , 197 Conn. 82, 84, 495 A.2d 1063 (1985) (There was no final judgment when the trial court rendered summary judgment on a claim seeking declaratory judgment without disposing of the claims for injunctive relief and damages. "The plaintiffs have not withdrawn or abandoned their claims for relief that have not yet been adjudicated. The situation, therefore, is similar to where a judgment has been rendered only upon the issue of liability without an award of damages."), with Zamstein v. Marvasti , 240 Conn. 549, 555-57, 692 A.2d 781 (1997) (final judgment after trial court granted motion to strike four of six counts because plaintiff abandoned remaining claims in motion for judgment by representing that he would withdraw counts, and plaintiff did so after court rendered judgment).
In assessing whether a judgment disposes of all of the causes of action against a party, this court has recognized that the trial court's failure to expressly dispose of all of the counts in the judgment itself will not necessarily render the judgment not final. Rather, the reviewing court looks to the complaint and the memorandum of decision to determine whether the trial court explicitly or implicitly disposed of each count. See, e.g., *1170 Normand Josef Enterprises , Inc. v. Connecticut National Bank , 230 Conn. 486, 488 n.1, 646 A.2d 1289 (1994) (final judgment despite absence of explicit finding on count four, alleging misrepresentation, because court implicitly rejected count four on merits when its resolution of another count found that defendant's conduct came "close to a misrepresentation" and court's judgment provided that it was entered for plaintiff and against defendant "on counts one, two and three of the complaint only " [emphasis altered; internal **719 quotation marks omitted] ); Martin v. Martin's News Service , Inc. , 9 Conn. App. 304, 306 n.2, 518 A.2d 951 (1986) (final judgment when neither judgment file nor memorandum of decision specifically indicated that judgment was entered on counterclaim because "[i]t is clear that had judgment been entered specifically on the counterclaim, it would have been entered in favor of the plaintiff" when court's decision discussed subject of counterclaim at length, and judgment provided that court " 'finds the issues for the plaintiff' "), cert. denied, 202 Conn. 807, 520 A.2d 1287 (1987) ; see also Wesley v. Schaller Subaru , Inc. , 277 Conn. 526, 529 n.1, 893 A.2d 389 (2006) ("[w]hen there is an inconsistency between the judgment file and the oral or written decision of the trial court, it is the order of the court that controls because the judgment file is merely a clerical document, and the pronouncement by the court ... is the judgment" [internal quotation marks omitted] ).
In so concluding, this court explained that, "[a]though it is preferable for a trial court to make a formal ruling on each count, we will not elevate form over substance when it is apparent from the memorandum of decision [whether the plaintiff prevailed on each count]." Normand Josef Enterprises , Inc. v. Connecticut National Bank , supra, 230 Conn. at 488 n.1, 646 A.2d 1289. Whereas the court's memorandum of decision in Normand Josef Enterprises , Inc. , implicitly disposed of the count lacking a formal ruling by indicating that the proof was insufficient to establish an essential element or elements of the claim, the Appellate Court has since relied on this "form over substance" proposition in other circumstances.
The Appellate Court has held that there was a final judgment when the trial court rendered judgment "in favor of the plaintiff" and expressly found for the plaintiff on one or more counts, but did not address claims raising alternative theories of recovery. See, e.g., **720 Nation Electrical Contracting , LLC v. St. Dimitrie Romanian Orthodox Church , 144 Conn. App. 808, 814-15 n.6, 74 A.3d 474 (2013) (final judgment when trial court rendered judgment for plaintiff on unjust enrichment count but made no reference to quantum meruit count; latter claim viewed "as having been resolved because the plaintiff would not have been entitled to recover under both [counts]," which raised "alternative theories of restitution," differing only in that one remedy is available despite unenforceable contract and other is available despite absence of quasi-contractual relationship); Carrillo v. Goldberg , 141 Conn. App. 299, 306 n.6, 61 A.3d 1164 (2013) (The trial court rendered judgment for the plaintiffs on certain counts and for the defendants on another count, but "did not specify its rulings with respect to the plaintiffs' breach of fiduciary duties and breach of contract claims. As the judgment file states, however, that the court found 'the issues on the [c]omplaint for the [p]laintiffs,' we conclude that this is an appealable final judgment."); Atelier Constantin Popescu , LLC v. JC Corp. , 134 Conn. App. 731, 738 and n.4, 49 A.3d 1003 (2012) (The trial court rendered judgment in favor of the plaintiff, and in its decision found for the plaintiff on five of the eleven counts in the complaint, even though "[t]he court did not address explicitly the plaintiff's restitution claim. Nevertheless, we conclude that the present appeal was taken from a final judgment."); Hardie v. Mistriel , 133 Conn. App. 572, 574 and n.2, 36 A.3d 261 (2012) (There was a final judgment when the trial court rendered judgment in favor of the plaintiff on the trespass count but did not render "formal" judgment on the conversion and negligence counts to recover for the same injury and did not discuss those counts in its memorandum of decision. "It is apparent from the memorandum of decision, and is reiterated in the judgment file, that the court found in favor of the plaintiff on its trespass count and awarded **721 damages on that count."); Rent-A-PC , Inc. v. Rental Management , Inc. , 96 Conn. App. 600, 604 n.3, 901 A.2d 720 (2006) (final judgment in case in which eight count complaint alleged various theories of recovery for same injury where court found issues on one count, unjust enrichment, for plaintiff, without addressing other issues); Raudat v. Leary , 88 Conn. App. 44, 49, 868 A.2d 120 (2005) (final judgment on two count complaint alleging intentional and negligent misrepresentation when court stated in memorandum of decision that because it had ruled in favor of plaintiff on intentional misrepresentation count, it did " 'not need to address the second count of the complaint as to negligent misrepresentation,' " and made similar statement in judgment file, when law indicated that these theories are mutually exclusive); Union Trust Co. v. Jackson , 42 Conn. App. 413, 416 n.2, 679 A.2d 421 (1996) ("The trial court's memorandum of decision discusses only the action in breach of contract. The court, therefore, did not need to address the plaintiff's alternative cause of action of unjust enrichment. The judgment file indicates judgment was rendered on *1171 the complaint and therefore there is a final judgment.").
A closer review of these alternative theory cases reveals that they actually fall into two categories. One category involves counts alleging claims that are legally inconsistent, also referred to as mutually exclusive, such that establishing the elements of one precludes liability on the other (e.g., negligent infliction of emotional distress and intentional infliction of emotional distress, or breach of contract and promissory estoppel). See, e.g., DaCruz v. State Farm Fire & Casualty Co. , 268 Conn. 675, 693, 846 A.2d 849 (2004) ("[i]ntentional conduct and negligent conduct, although differing only by a matter of degree ... are separate and mutually exclusive" [citation omitted; internal quotation marks omitted] );
**722 Harley v. Indian Spring Land Co. , 123 Conn. App. 800, 831, 3 A.3d 992 (2010) ("[b]ecause the elements of a breach of contract include the formation of an agreement ... which, in turn, requires the presence of adequate consideration ... and promissory estoppel is appropriate when there is an absence of consideration to support a contract ... we conclude that the court rendered an inconsistent judgment when it found in favor of the plaintiff on both counts" [citations omitted] ). In such cases, it is fair to infer that a judgment in favor of the plaintiff on one count legally implies a judgment in favor of the defendant on the other count. See Harley v. Indian Spring Land Co. , supra, at 831-32, 3 A.3d 992 ("Although a party may plead, in good faith, inconsistent facts and theories, a court may not award a judgment on inconsistent facts and conclusions. ... Where a party is entitled to only a single right to recover, it is the responsibility of the trial court to determine which of the inapposite sets of facts the party has proved, and then to render judgment accordingly." [Internal quotation marks omitted.] ).
The second category involves claims that present alternative theories of recovery for the same injury, but are not legally inconsistent. In such cases, there is no legal impediment to the trier of fact finding that the plaintiff has established both claims, although the plaintiff can recover only once for the same injury. See Rowe v. Goulet , 89 Conn. App. 836, 849, 875 A.2d 564 (2005) ("Duplicated recoveries ... must not be awarded for the same underlying loss under different legal theories. ... Although a plaintiff is entitled to allege respective theories of liability in separate claims, he or she is not entitled to recover twice for harm growing out of the same transaction, occurrence or event." [Citations omitted.] ). Indeed, in some cases, the damages may be measured differently and, in turn, result in a different recovery under the alternative theories. See, e.g., **723 Jonap v. Silver , 1 Conn. App. 550, 553, 561-62, 474 A.2d 800 (1984) (award reduced by $24,000 where jury awarded plaintiff $24,000 on counts alleging invasion of privacy for appropriating his name and $32,000 on counts alleging invasion of privacy for placing plaintiff in false light because elements of damage establishing liability for each were duplicative). In such cases, when the court has found in favor of the plaintiff on one count, this ruling does not imply as a matter of fact or law whether the plaintiff has established the defendant's liability under the other count.
Because of the different effect of the rulings in these categories, drawing a distinction between them for purposes of the final judgment rule advances the policies underlying that rule, "namely, the prevention of piecemeal appeals and the conservation of judicial resources." Niro v. Niro , 314 Conn. 62, 78, 100 A.3d 801 (2014) ; see also Canty v. Otto , 304 Conn. 546, 554, 41 A.3d 280 (2012) (citing policy " 'to facilitate *1172 the speedy and orderly disposition of cases at the trial court level' "). At trial, the parties have expended resources to fully litigate all of the claims advanced. A rule that would allow the trial court not to dispose of counts that present alternative, legally consistent theories of recovery could lead to multiple unnecessary appeals and retrials. In exceptional circumstances in which the trial court and the parties agree that litigating only some of the alternative claims for relief and proceeding to appeal on those issues before litigating alternative claims would constitute the greater efficiency, our rules provide a mechanism to address those circumstances. See Practice Book § 61-4 (a) (set forth in relevant part in footnote 5 of this opinion).
In sum, we conclude that when the trial court disposes of one count in the plaintiff's favor, such a determination implicitly disposes of legally inconsistent, but not legally consistent, alternative theories. When a **724 legally consistent theory of recovery has been litigated and has not been ruled on, there is no final judgment.
That having been said, it is our view that, whenever feasible, the far better practice would be for the trial court to fully address the merits of all theories litigated, even those that are legally inconsistent.[6] If the trial court determines that the plaintiff has established more than one theory of recovery for the same injury, the trial court would render judgment in the plaintiff's favor on the primary count and render judgment for the defendant on the other(s), albeit solely due to the nature of the alternative claims. By so doing, we envision several economies that would inure to the benefit of the parties and the judicial system. The losing party would be able to more accurately assess the likelihood of success on appeal to decide whether to invest the resources to pursue further litigation. If the appeal proceeds, the case would typically be resolved in that appeal, thus substantially reducing the number of retrials and successive appeals.
Applying these rules to the present case, we conclude that the judgment as to Joan Frank was final. The trial court expressly disposed of counts one and two as to her. Counts two and three alleged mutually exclusive theories. See, e.g., Walpole Woodworkers , Inc. v. Manning , 307 Conn. 582, 587 n.9, 57 A.3d 730 (2012) ("[q]uantum meruit is an equitable remedy to provide restitution for the reasonable value of services despite an unenforceable contract"); 300 State, LLC v. Hanafin , 140 Conn. App. 327, 330-31, 59 A.3d 287 (2013) (breach of lease and quantum meruit counts are mutually exclusive). By stating that it did not need to consider the quantum meruit claim in count three in light of its **725 finding of liability on the breach of contract claim in count two, the court implied that Joan Frank was entitled to judgment on count three solely due to the alternative nature of the claim.
The judgment as to George Frank, however, was not final. Of the three counts brought against him, the court disposed of only count one, finding him liable under the California default judgment. However, the court also could have found him liable under either, but not both, of the other counts without returning a legally inconsistent verdict. To prevail on count one, the plaintiff needed to establish only that (1) a valid default judgment had been entered in the California court against George Frank, and (2) the judgment remained unsatisfied.
*1173 In fact, the complaint in the present action alleged no facts relating to the substantive nature of the claims on which judgment was rendered in California. Although the trial court relied on George Frank's admission that he had signed a guarantee of the staging agreement in rejecting his due process defense to count one, that finding would not be legally inconsistent with a finding against him on either the breach of contract count or the quantum meruit count. Insofar as the plaintiff suggests that the trial court found facts that would sustain a verdict on quantum meruit, we conclude that it is improper for us to make such a determination, especially in the context of a jurisdictional defect. See Crowell v. Danforth , 222 Conn. 150, 158, 609 A.2d 654 (1992) (determination of quantum meruit claim "requires a factual examination of the circumstances and of the conduct of the parties ... that is not a task for an appellate court [but rather for the trier of fact]" [internal quotation marks omitted] ). Therefore, counts two and three have not been disposed of, explicitly or implicitly.
The plaintiff has neither withdrawn counts two and three as to George Frank, nor given any indication that **726 it has unconditionally abandoned them. Indeed, not only do these counts remain unadjudicated, they present the possibility that George Frank could be found liable for additional damages. As previously noted, the damages on count two as to Joan Frank exceeded those on count one as to George Frank. Therefore, it cannot be said that further proceedings could have no effect on him.
As there was no final judgment, the Appellate Court did not have jurisdiction over the appeal.
The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to dismiss the defendants' joint appeal.
In this opinion the other justices concurred.

The complaint alleged breach of contract, conversion and fraud, and sought total damages in the amount of $253,000 ($18,000 in lost rent and $235,000 in converted inventory). For reasons that are not clear, the court awarded damages in the amount of $248,300.

This court granted certification, limited to the following issues: "Did the Appellate Court correctly determine that the trial court properly determined that: (1) the foreign judgment against George A. Frank was enforceable after concluding that he had minimum contacts with California that warranted the exercise of its jurisdiction; (2) the contract signed by Joan E. Frank was enforceable notwithstanding the provisions of the Home Solicitation Sales Act; and (3) an award of double damages to the plaintiff was appropriate." Meribear Productions , Inc. v. Frank , 322 Conn. 903, 138 A.3d 288 (2016).

The discussion at oral argument focused exclusively on the trial court's failure to dispose of the quantum meruit count as to George Frank. As there was no discussion at oral argument regarding its failure to dispose of the breach of contract count as to him, we did not ask the parties to address both counts in their supplemental briefs. Nonetheless, their argument as to alternative claims applies to both counts.
The defendants did argue, however, that the judgment was final because the second and third counts of the complaint had been brought against only Joan Frank. The allegations in the complaint, the plaintiff's posttrial brief, and the trial court's decision plainly belie that argument. It is evident that the trial court did not rule on the second and third counts of the complaint as to George Frank because the plaintiff had presented these counts as alternatives should it fail to prevail on the first count. Although the trial court's findings of fact include a finding that George Frank was "not a party to the staging agreement," we do not construe that finding as a determination that George Frank could not be held liable for breach of contract. Rather, it appears that the court was emphasizing that George Frank, unlike Joan Frank, had not signed the agreement.

In the defendants' supplemental brief on this issue, there was no request for this court to consider Joan Frank's appeal separately should we conclude that the judgment is not final as to George Frank. Nor did they contend that the issues as to each defendant overlapped to such an extent that we should consider both. This court has recognized that, "[i]n some circumstances, the factual and legal issues raised by a legal argument, the appealability of which is doubtful, may be so inextricably intertwined with another argument, the appealability of which is established that we should assume jurisdiction over both." (Internal quotation marks omitted.) Aqleh v. Cadlerock Joint Venture II, L.P. , 299 Conn. 84, 90, 10 A.3d 498 (2010). However, that circumstance is not applicable in the present case. We have previously relied on this exception when there is a final judgment as to all of the parties before the reviewing court, and the question is whether we can also consider an interlocutory ruling affecting those parties properly before us. See, e.g., Santorso v. Bristol Hospital , 308 Conn. 338, 354 n.9, 63 A.3d 940 (2013) ; Canty v. Otto , 304 Conn. 546, 553-56, 41 A.3d 280 (2012). In the present case, the judgment is final as to Joan Frank only. In addition, we have invoked this exception when resolution of the interlocutory ruling would control or bear on the resolution of the final judgment or the case generally. See, e.g., Santorso v. Bristol Hospital , supra, at 354 n.9, 63 A.3d 940 (action was not barred by res judicata but was barred under statute of limitations); Collins v. Anthem Health Plans, Inc. , 266 Conn. 12, 28-30, 836 A.2d 1124 (2003) (analysis of class certification issues would equally apply to claims that are subject to immediate review and those not subject to immediate review); Taff v. Bettcher , 243 Conn. 380, 384 n.2, 703 A.2d 759 (1997) ("orders relating to custody and support are part of a carefully crafted mosaic such that a change to one will necessarily create a change to the other"). In the present case, our resolution of George Frank's jurisdictional challenge to the California judgment could have no bearing on Joan Frank's challenge to the judgment against her for breach of contract or on any potential liability under quantum meruit. Nor would it be dispositive of the challenge to the damages awarded.

Practice Book § 61-4 (a), setting forth the exception to that rule, provides that when partial summary judgment has been granted upon fewer than all of the causes of action against a party, "[s]uch a judgment shall be considered an appealable final judgment only if the trial court makes a written determination that the issues resolved by the judgment are of such significance to the determination of the outcome of the case that the delay incident to the appeal would be justified, and the chief justice or chief judge of the court having appellate jurisdiction concurs" [emphasis omitted] ).

By this, we mean that the court would make all of the findings of fact and any legally consistent conclusions of law related to the alternative claim(s), as well as the damages established in relation to that claim.