******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CHARLOTTE CICCARELLI *v.* PAUL CICCARELLI
(AC 41973)

Lavine, Elgo and Moll, Js.

*Syllabus*

The plaintiff brought this action seeking, inter alia, the partition of certain real property that she owned as a joint tenant with the defendant. In count one of her complaint, the plaintiff sought a partition of the property, and in count two she sought an accounting and damages. After the trial court granted the plaintiff's motion for summary judgment as to the first count of the complaint only, the plaintiff filed a motion for an order of partition by sale and the appointment of a committee. Thereafter, the court entered a notice of judgment of partition by sale and set a sale date, and the defendant appealed to this court, which dismissed the appeal for lack of a final judgment. Subsequently, the defendant filed another appeal to this court from the partial summary judgment rendered by the trial court, claiming that he brought the appeal to overturn summary judgment in order to stop the sale of the property. *Held* that this court lacked subject matter jurisdiction over the defendant's appeal, the defendant having failed to appeal from a final judgment; a judgment that disposes of only part of a complaint is not a final judgment unless the partial judgment disposes of all causes of action against a particular party or parties, and it was undisputed that the partial summary judgment rendered by the trial court did not dispose of all causes of action against the defendant, as the second count of the plaintiff's complaint remained pending and the record did not contain a withdrawal or an unconditional abandonment of that count of the plaintiff's complaint.

Argued September 20—officially released November 12, 2019

*Procedural History*

Action for, inter alia, the partition or sale of real property, and for other relief, brought to the Superior Court in the judicial district of New Haven, where the court, *S. Richards, J.*, granted the plaintiff's motion for summary judgment as to count one of the complaint and rendered partial judgment for the plaintiff, from which the defendant appealed to this court, which dismissed the appeal; thereafter, the defendant appealed to this court. *Appeal dismissed.*

*Paul Ciccarelli*, self-represented, the appellant (defendant).

*Sheila J. Hall*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The self-represented defendant, Paul Ciccarelli, appeals from the summary judgment rendered by the trial court in favor of the plaintiff, Charlotte Ciccarelli,[1] on count one of a two count complaint. We conclude that the defendant has not appealed from a final judgment and, therefore, dismiss the appeal.

The relevant facts are not in dispute. At all relevant times, the parties owned real property known as 17 Moulthrop Street in North Haven (property) as joint tenants with rights of survivorship. In 2017, the plaintiff commenced the present action against the defendant. Her complaint contained two counts. In the first count, the plaintiff sought a partition of the property pursuant to General Statutes §§ 52-495 and 52-500 (a). In the second count, the plaintiff sought an accounting and damages pursuant to General Statutes § 52-404 (b).[2] The defendant thereafter filed an answer, in which he denied the allegations of the plaintiff's complaint. The defendant also filed a special defense, alleging that the plaintiff had improperly withdrawn funds from a financial account jointly held by the parties.

After the pleadings were closed, the plaintiff filed a motion for summary judgment on the first count of the complaint, claiming that no genuine issue of material fact existed with respect to her right to a partition of the property. That motion was accompanied by the plaintiff's sworn affidavit. Although the defendant filed an opposition to that motion, he did not submit any documentation in support thereof. Following a hearing on April 23, 2018, the court granted summary judgment in favor of the plaintiff on the first count of her complaint. The official case detail contains an entry dated April 23, 2018, which states that the court had entered judgment "as to certain counts of the complaint for the plaintiff—case remains pending."

The plaintiff then filed a motion for an order of partition by sale and the appointment of a committee. On May 14, 2018, the court entered a notice of judgment of partition by sale and set a sale date of October 20, 2018.

On May 29, 2018, the defendant filed an appeal to this court challenging the propriety of the partial summary judgment rendered by the court on April 23, 2019. In response, the plaintiff moved to dismiss the appeal for lack of a final judgment, which this court granted on June 27, 2018.

On August 10, 2018, the defendant filed another appeal from the partial summary judgment rendered by the trial court on April 23, 2018. On his appeal form, the defendant states that he brought this appeal "[t]o overturn the summary judgment in order to stop the sale of the house." In response, the plaintiff maintains that the defendant has not appealed from a final judgment, thereby depriving this court of subject matter

jurisdiction. We agree.

"The lack of a final judgment implicates the subject matter jurisdiction of an appellate court to hear an appeal. A determination regarding . . . subject matter jurisdiction is a question of law . . . . The jurisdiction of the appellate courts is restricted to appeals from judgments that are final. General Statutes §§ 51-197a and 52-263; Practice Book § [61-1] . . . . The policy concerns underlying the final judgment rule are to discourage piecemeal appeals and to facilitate the speedy and orderly disposition of cases at the trial court level. . . . The appellate courts have a duty to dismiss, even on [their] own initiative, any appeal that [they lack] jurisdiction to hear." (Internal quotation marks omitted.) *Mazurek* v. *Great American Ins. Co.*, 284 Conn. 16, 33, 930 A.2d 682 (2007); accord *In re Santiago G.*, 325 Conn. 221, 229, 157 A.3d 60 (2017) (lack of final judgment constitutes jurisdictional defect that necessitates dismissal of appeal).

Our precedent further instructs that "[a] judgment that disposes of only a part of a complaint is not a final judgment . . . unless the partial judgment disposes of all causes of action against a particular party or parties; see Practice Book § 61-3; or if the trial court makes a written determination regarding the significance of the issues resolved by the judgment and the chief justice or chief judge of the court having appellate jurisdiction concurs. See Practice Book § 61-4 (a)." (Internal quotation marks omitted.) *Tyler* v. *Tyler*, 151 Conn. App. 98, 103, 93 A.3d 1179 (2014). It is undisputed that the partial summary judgment that the court entered on April 23, 2018, did not dispose of *all* causes of action against the defendant, as the second count seeking an accounting pursuant to § 52-404 (b) remained pending. In addition, the defendant has not requested a written determination from the trial court regarding the significance of the issues resolved by the partial summary judgment entered against him.

As a result, the defendant could appeal from the partial summary judgment "only if the remaining causes of action or claims for relief [were] withdrawn or unconditionally abandoned before the appeal [was] taken." *Meribear Productions, Inc.* v. *Frank*, 328 Conn. 709, 717, 183 A.3d 1164 (2018). The record before us does not contain a withdrawal or an unconditional abandonment of the second count of the complaint by the plaintiff. To paraphrase our Supreme Court, not only does that second count remain unadjudicated, it also presents the possibility that the defendant could be found liable to the plaintiff for additional damages. Id., 726. In such instances, "it cannot be said that further proceedings could have no effect on him." Id.; see also *State* v. *Ebenstein*, 219 Conn. 384, 389–90, 593 A.2d 961 (1991) (dismissing appeal from partial summary judgment for lack of final judgment and emphasizing

that parties will still be before trial court for final determination of ancillary claim).

We conclude that the defendant has not appealed from a final judgment, as the second count of the plaintiff's complaint remains pending. Accordingly, this court lacks subject matter jurisdiction over the defendant's appeal.

The appeal is dismissed.

[1] The plaintiff is the defendant's mother.

[2] General Statutes § 52-404 (b) provides: "When two or more persons hold property as joint tenants, tenants in common or coparceners, if one of them occupies, receives, uses or takes benefit of the property in greater proportion than the amount of his interest in the property, any other party and his executors or administrators may bring an action for an accounting or for use and occupation against such person and recover such sum or value as is in excess of his proportion."