******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## TROY LAUNDRY BUILDING, LLC *v.* BEAUTIFUL LIFE ADULT DAYCARE, LLC
### (AC 47173)

Bright, C. J., and Moll and Westbrook, Js.

*Syllabus*

The defendant tenant appealed from the trial court's judgment for the plaintiff landlord in the plaintiff's summary process action. The defendant claimed, inter alia, that the court improperly denied its motion to dismiss, in which it had argued that the notice to quit was defective. *Held*:

This court dismissed the appeal as moot because, during the pendency of the appeal, the defendant vacated the property, and, having failed to demonstrate that the collateral consequences exception to the mootness doctrine applied, there was no practical relief this court could afford the defendant and, thus, the court lacked subject matter jurisdiction to entertain the defendant's claims.

Argued January 14—officially released March 4, 2025

*Procedural History*

Summary process action, brought to the Superior Court in the judicial district of New Haven, Housing Session at Meriden, where the court, *Riley, J.*, denied the defendant's motion to dismiss; thereafter, the court, *Jacobs, J.*, granted the plaintiff's motion for summary judgment and rendered judgment thereon, from which the defendant appealed to this court. *Appeal dismissed.*

*David J. Baker*, with whom was *Stuart A. Margolis*, for the appellant (defendant).

*David A. Lavenburg*, for the appellee (plaintiff).

*Opinion*

MOLL, J. In this commercial summary process action, the defendant, Beautiful Life Adult Daycare, LLC, appeals from the judgment of possession rendered in favor of the plaintiff, Troy Laundry Building, LLC. On appeal, the defendant claims that the trial court erred in denying its motion to dismiss, in which it argued that

the notice to quit was defective. The defendant also claims that the court erred in granting the plaintiff's motion for summary judgment because (1) there were genuine issues of material fact as to whether the defendant had materially breached the lease agreement and/or whether that breach was excused, and (2) the court impermissibly found facts regarding whether an additional security deposit was owed. We do not reach the merits of the defendant's claims because, during the pendency of this appeal, the defendant vacated the premises, and, accordingly, we dismiss this appeal as moot.

The following procedural history is relevant to our resolution of this appeal. In September, 2022, the plaintiff commenced this summary process action. On November 16, 2022, the plaintiff filed its second revised amended complaint, which alleged three grounds for eviction: (1) the defendant's failure to pay common area maintenance (CAM) charges for lease year 2021 pursuant to the lease agreement, (2) the defendant's failure to pay a security deposit pursuant to the lease agreement, and (3) the termination of the defendant's right or privilege to occupy the premises. On December 15, 2022, the defendant moved to dismiss the action for lack of subject matter jurisdiction on the ground that the plaintiff's notice to quit was defective. On August 17, 2023, the trial court, *Riley, J.*, denied the motion to dismiss.

On August 22, 2023, the plaintiff filed its fourth revised amended complaint (operative complaint), essentially alleging the same grounds for eviction as the second revised amended complaint but with greater specificity. On September 28, 2023, the plaintiff filed a one page motion for summary judgment, seemingly directed to all three counts of the operative complaint, and an accompanying affidavit from its manager,

Michael Tevis, who averred, inter alia, that the defendant had "fail[ed] to remit rent, i.e., CAM charges for lease year 2021" and had "failed to pay an additional security deposit in accordance with Article 13, Section 13.12, of the lease." On October 16, 2023, the defendant filed an objection, and, on November 13, 2023, the defendant filed a memorandum of law and accompanying affidavit and exhibits in opposition to the plaintiff's motion for summary judgment. The defendant argued, inter alia, that there were genuine issues of material fact as to whether the billed CAM charges were properly calculated and/or were otherwise excessive and whether the plaintiff had failed to provide requested supporting documentation as required under the lease. Furthermore, with respect to the additional security deposit claim, the defendant argued that there were genuine issues of material fact as to what amount of additional security deposit was due, when it was due, and whether the plaintiff ever sent a proper notice of default under the lease. Additional briefing followed.

On December 4, 2023, the trial court, *Jacobs*, *J.*, issued its memorandum of decision, stating in conclusion that the plaintiff's motion was "granted" and that a judgment of possession shall be entered in its favor. Although the court did not expressly state that the plaintiff's motion was granted only as to count one, the decision as a whole supports such a reading,[1] and the

---

[1] In reference to count one, the court stated: "With respect to the claim that the defendant failed to pay CAM charges as they came due . . . there are no genuine issues of material fact. It is undisputed that they were not paid. . . . [T]he lease plainly and unambiguously calls for payment of the billed estimated CAM charges in advance, subject to a refund or a 'credit for such excess against payments next thereafter to become due to [the plaintiff] on account of [the defendant's] Common Area Charge . . . .'" (Footnote omitted.) The court went on to reject the defendant's claim that its failure to pay the CAM charges should be excused (1) on the ground that the plaintiff failed to provide supporting documentation for the CAM charges as requested and/or (2) under the doctrine of equitable forfeiture. In reference to count two, the court stated, inter alia, that, "[w]ith respect to the alleged failure to pay the additional security deposit, there are genuine

parties do not disagree. See *CCI Computerworks*, *LLC* v. *Evernet Consulting*, *LLC*, 221 Conn. App. 491, 523, 302 A.3d 297 (2023) ("[w]e are mindful that [a trial court's judgment] must be read as a whole, without particular portions read in isolation, to discern the parameters of its holding" (internal quotation marks omitted)). This appeal followed.[2]

On January 7, 2025, the plaintiff filed a motion to dismiss this appeal as moot, representing that "[s]ince the filing of this appeal, the defendant has vacated the property and the plaintiff is now in possession [of] the property, which was vacated by the defendant on December 31, 2024." On January 10, 2025, the defendant filed its memorandum of law in opposition to the motion. Relying on the collateral consequences doctrine, the defendant maintains that this appeal should not be dismissed as moot as a result of its vacating the premises. In its opposition, the defendant draws our attention to a pending collection action that the plaintiff brought against it and two individual guarantors under the lease during the pendency of this appeal. In that case, the plaintiff seeks to recover, inter alia, unpaid CAM charges for 2021. See *Troy Laundry Building*,

issues of material fact," as further explained by the court, the resolution of which required the denial of the plaintiff's motion. Finally, with regard to count three, the decision is silent.

[2] On January 2, 2025, the parties were notified to be prepared to address at oral argument before this court "whether the defendant has appealed from a final judgment given that the trial court expressly found on page eight of its December 4, 2023 memorandum of decision that 'there are genuine issues of material fact' with respect to the second count of the operative complaint alleging nonpayment of the additional security deposit. See *Meribear Productions*, *Inc.* v. *Frank*, 328 Conn. 709, 7[23]–24, [183 A.3d 1164] (2018) ('[w]hen a legally consistent theory of recovery has been litigated and has not been ruled on, there is no final judgment')." Because we dismiss this appeal as moot, we need not address the applicability of *Meribear Productions*, *Inc.*, to a summary process action in which a judgment of possession is rendered on one count and another count remains without adjudication.

*LLC* v. *Beautiful Life Adult Daycare, LLC*, Superior Court, judicial district of New Haven, Docket No. CV-24-6142710-S. The defendant contends that there is a reasonable possibility that the court's judgment as to count one in the present action may have a harmful, preclusive effect in the collection action under the doctrines of collateral estoppel and/or res judicata.

For the reasons that follow, we conclude that this appeal is moot and is not saved by the collateral consequences doctrine. Accordingly, we lack subject matter jurisdiction to entertain the defendant's claims.

"Mootness implicates [this] court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . It is a [well settled] general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot. . . . [A] subject matter jurisdictional defect may not be waived . . . [or jurisdiction] conferred by the parties, explicitly or implicitly. . . . [T]he question of subject matter jurisdiction is a question of law . . . and, once raised, either by a party or by the court itself, the question must be answered before the court may decide the case." (Internal quotation marks omitted.) *Brookstone Homes, LLC* v. *Merco Holdings, LLC*, 208 Conn. App. 789, 798–99, 266 A.3d 921 (2021). "We have consistently held that an appeal from a summary process judgment becomes moot [if], at the time of the appeal, the defendant is no longer in possession of the

premises." (Internal quotation marks omitted.) *Iacurci* v. *Wells*, 108 Conn. App. 274, 277, 947 A.2d 1034 (2008).

The collateral consequences doctrine provides an exception to the mootness doctrine. "[F]or a litigant to invoke successfully the collateral consequences doctrine, the litigant must show that there is a reasonable possibility that prejudicial collateral consequences will occur. Accordingly, the litigant must establish these consequences by more than mere conjecture, but need not demonstrate that these consequences are more probable than not. This standard provides the necessary limitations on justiciability underlying the mootness doctrine itself. Where there is no direct practical relief available from the reversal of the judgment . . . the collateral consequences doctrine acts as a surrogate, calling for a determination whether a decision in the case can afford the litigant some practical relief in the future. The reviewing court therefore determines, based upon the particular situation, whether the prejudicial collateral consequences are reasonably possible." *State* v. *McElveen*, 261 Conn. 198, 208, 802 A.2d 74 (2002).

Here, it is undisputed that the defendant has vacated the subject property and that the plaintiff is now in possession of the property, which renders moot the appeal from the judgment of possession in the absence of an applicable exception. See *Iacurci* v. *Wells*, supra, 108 Conn. App. 277. In determining whether there is a reasonable possibility that the defendant will suffer prejudicial collateral consequences in the collection action if the underlying judgment is left undisturbed, we construe the judgment to ascertain whether the trial court made any findings regarding whether CAM charges were properly calculated. Our review of the judgment is plenary. See *Anketell* v. *Kulldorff*, 207 Conn. App. 807, 821, 263 A.3d 972 ("[b]ecause [t]he construction of a judgment is a question of law for the court . . . our review . . . is plenary" (internal quotation marks

omitted)), cert. denied, 340 Conn. 905, 263 A.3d 821 (2021).

On the basis of our review of the court's decision on the plaintiff's motion for summary judgment, we conclude that the court made no findings (and properly so) as to whether the CAM charges at issue were properly calculated. Thus, we do not perceive any prejudicial collateral consequences that the defendant may suffer in the collection action as a result of the application of collateral estoppel and/or res judicata.[3] Accordingly, because there is no practical relief that we could afford the defendant, this court lacks jurisdiction to entertain the defendant's claims on appeal. See *Rocco* v. *Shaikh*, 184 Conn. App. 786, 805–806, 196 A.3d 366 (2018); *Iacurci* v. *Wells*, supra, 108 Conn. App. 283.

The appeal is dismissed.

In this opinion the other judges concurred.

---

[3] We further note that, during oral argument before this court, the plaintiff's counsel expressly acknowledged that the trial court did not make any findings as to whether the CAM charges at issue were properly calculated and that the defendant would be free in the collection action to challenge the plaintiff's calculations.